TRAVIS T. BROWN v. ORVILLE Y. KIRKPATRICK AND LEONORA H. KIRKPATRICK.

(Filed 1 May, 1940.)

**Mortgages § 36—**

The provisions of ch. 36, Public Laws of 1933, are not available as a defense to an action on a purchase money note secured by a second mortgage when the land has been sold under the first mortgage for a sum sufficient to pay only the notes secured by the first mortgage.

APPEAL by defendants from *Johnston, Special Judge,* at October Term, 1939, of MECKLENBURG. Affirmed.

From judgment for plaintiff on agreed statement of facts, defendants appealed.

*Stewart & Moore for plaintiff, appellee.*
*W. F. Wimberly and Cherry & Hollowell for defendants, appellants.*

DEVIN, J. The question here presented is whether the statute prohibiting deficiency judgments (ch. 36, Public Laws 1933) has the effect of preventing judgment on a note secured by a second mortgage or deed of trust after foreclosure sale of the land under the first deed of trust, for an amount sufficient only to satisfy the first lien.

The case comes to us upon agreed statement of facts, the material portions of which may be stated as follows: Travis T. Brown, the plaintiff, the original owner of a lot in Charlotte, North Carolina, executed deed of trust thereon to secure money borrowed from the American

Trust Company in the sum of $6,500. Thereafter in 1936, plaintiff conveyed the lot to the defendants Kirkpatrick who took subject to this deed of trust, and in addition, at the same time, executed deed of trust to plaintiff Brown for the balance of the purchase price in the sum of $1,579.75. In 1937, defendants Kirkpatrick borrowed $7,800 from the Pilot Life Insurance Company and executed deed of trust on the lot to secure same. The money borrowed from the Life Insurance Company was used to pay off and cancel the American Trust Company's deed of trust, and to pay $1,200 credit on the Brown deed of trust, leaving a balance due Brown of $379.75. The Brown deed of trust was thereupon also canceled, making the Insurance Company's deed of trust a first lien on the property. As evidence of the balance of $379.75 the defendants executed a note therefor to Brown and at same time executed a second deed of trust on the lot to secure the same. This note was marked "balance purchase money." Thereafter defendants Kirkpatrick conveyed the lot to C. A. Dixon, Jr., who assumed payment of both the outstanding deeds of trust. Upon default on the part of C. A. Dixon, Jr., the Insurance Company's deed of trust was foreclosed in January, 1939, and the property sold for only enough to satisfy that deed of trust, leaving nothing for plaintiff Brown on his second deed of trust. Plaintiff Brown then instituted action on his note for $379.75. The defendants, admitting the execution of the note for the consideration named, pleaded the provisions of the statute and denied plaintiff's right to judgment on the note.

The note sued on having been executed by the defendants for a valuable consideration, admittedly they have no defense thereto unless judgment is prohibited by the statute cited. This statute, enacted in 1933, provides that "in all sales of real property by mortgagees or trustees under power of sale contained in any mortgage or deed of trust hereafter executed . . . the mortgagee, trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same."

It is apparent that this statute does not by its terms prohibit the holder of a note, though secured by a second deed of trust, from obtaining judgment on the note when the property has been sold under another deed of trust having priority of lien. The statute applies only to the holders of notes "secured by such deed of trust," that is the deed of trust under which the security was foreclosed and the land sold. It refers to the "obligation secured by the same." The holder of the note secured by the first deed of trust upon foreclosure, presumably, will receive satisfaction of his note from the sale, or he can protect himself by purchase of

the land. But the holder of the note secured by the second deed of trust, who receives nothing, or an insufficient amount, from the sale, finds himself without security. In this situation the Court will not extend by judicial interpretation the provisions of the statute, and deny him the right to judgment for a valid debt. This view finds support in the decisions in other jurisdictions where similar statutes have been considered. *Alabama Mortgage & Securities Co. v. Chinery,* 237 Ala., 198, 186 Sou., 136; *Skeffington v. Rowland,* 52 Ga. App., 619, 184 S. E., 330; *Page v. Ford,* 65 Ore., 450; *Ladd & Tilton Bank v. Mitchell,* 93 Ore., 668, 184 Pac., 282, 6 A. L. R., 1420.

The judgment of the court below that under the facts agreed the plaintiff is entitled to judgment on his note is

Affirmed.