C. D. BLANTON AND WIFE, VIRGINIA S. BLANTON; JOSEPHINE BLANTON; EMILY T. BLANTON; NANCY B. NAHIKIAN AND HUSBAND, HOWARD M. NAHIKIAN; AND C. D. BLANTON, EMILY T. BLANTON AND JOSEPHINE BLANTON, AS TRUSTEES OF THE RICHARD F. BLANTON TRUST v. JERRY W. SISK AND WIFE, JUDITH C. SISK; DOUGLAS HENSON AND WIFE, GLENDA J. HENSON; LYNDON W. SISK AND WIFE, ANNA L. SISK

No. 8329SC537

(Filed 21 August 1984)

1. **Mortgages and Deeds of Trust § 32.1— second purchase money deed of trust—anti-deficiency judgment statute inapplicable**

   G.S. 45-21.38, the anti-deficiency judgment statute, does not apply to a holder of a second purchase money deed of trust or mortgage whose security has been destroyed as a result of foreclosure by a holder of a first purchase money mortgage or deed of trust.

2. **Attorneys at Law § 7.4— notice of intent to collect fees**

   In an action to recover an amount allegedly due on a promissory note executed by defendants, the trial court erred in entering summary judgment awarding plaintiffs attorneys' fees, since defendants did not receive notice of plaintiffs' intent to collect attorneys' fees as required by G.S. 6-21.2(5), and notice was not given when plaintiffs served their complaint upon defendants.

APPEAL by defendants from *Burroughs, Judge.* Judgment entered 11 April 1983, in Superior Court, MCDOWELL County. Heard in the Court of Appeals 3 April 1984.

Plaintiffs instituted this civil action to recover from the defendants $44,400.00 plus interest, the amount allegedly due on a promissory note executed by the defendants. Both plaintiffs and defendants filed motions for summary judgment based on the pleadings and affidavits. From the order granting summary judgment in favor of plaintiffs, defendants appealed.

*Dameron and Burgin, by E. Penn Dameron, Jr., for plaintiff appellees.*

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Albert L. Sneed, Jr., for defendant appellants.*

JOHNSON, Judge.

On 6 October 1980, plaintiffs conveyed a tract of land owned by them and located in Marion, North Carolina, to the defendants. The purchase price was $78,000.00 with $22,500.00 payable at closing and the balance of $55,500.00 to be paid over a five-year

period in annual increments of $11,100.00. As security for the balance of the purchase price, the defendants executed and delivered to plaintiffs a promissory note in the amount of $55,500.00 bearing interest at 10% per annum.

Subsequent to the sale, defendants conveyed the tract of land purchased from plaintiffs to Marion Properties, Inc., a corporation wholly owned by the defendants. On 21 May 1981, Marion Properties, Inc., obtained a construction loan in the amount of $466,000.00 from Asheville Federal Savings & Loan Association (hereinafter Asheville Federal). At the request of the defendants, plaintiffs agreed to subordinate their deed of trust to the deed of trust from Marion Properties, Inc. to Asheville Federal. Thereafter, the property was improved with condominiums which Marion Properties, Inc. proposed to sell for profit.

In the spring of 1982, Marion Properties, Inc. defaulted in the payment of its indebtedness to Asheville Federal, and on 21 July 1982, Asheville Federal foreclosed on its deed of trust. At the ensuing foreclosure sale, the property was purchased by Asheville Federal for $400,000.00, resulting in a deficit of $87,305.90 on the deed of trust foreclosed. Plaintiffs, whose deed of trust was not in default at the time of the sale by Asheville Federal, received none of the proceeds from the sale.

[1] The primary question presented by this appeal is whether the holder of a second purchase money mortgage or deed of trust can sue on the note after the security has been destroyed by foreclosure of a senior lien for an amount less than what was necessary to satisfy the senior lien. Defendants vigorously contend that suit on the note by the holder of a second purchase money mortgage or deed of trust is barred by G.S. 45-21.38 as construed in *Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1979). We disagree.

Ordinarily, a creditor secured by a mortgage or deed of trust on real property may recover the full amount of the debt. He may realize the security or he may bring an action on the note or other obligation, or both. However, the rights of a holder of a purchase money mortgage or deed of trust to enforce such a debt are restricted by the anti-deficiency judgment statute, G.S. 45-21.38, which provides:

> *Deficiency judgments abolished where mortgage represents part of purchase price.* — In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money for real estate: Provided, further, that when said note or notes are prepared under the direction and supervision of the seller or sellers, he, it, or they shall cause a provision to be inserted in said note disclosing that it is for purchase money of real estate; in default of which the seller or sellers shall be liable to purchaser for any loss which he might sustain by reason of the failure to insert said provisions as herein set out.

Thus, by statutory provision, at foreclosure, the holder of a purchase money mortgage or deed of trust is limited to the recovery of the security or to the proceeds from the sale of the security. *Realty Co. v. Trust Co., supra,* at 370, 250 S.E. 2d at 273. The holder is prohibited from ignoring his security and bringing an *in personam* action against the mortgagor on the note secured by the deed of trust. *Id.* at 373, 250 S.E. 2d at 275. *Bank v. Belk,* 41 N.C. App. 356, 363, 255 S.E. 2d 421, 426, *cert. denied,* 298 N.C. 293, 259 S.E. 2d 911 (1979). The holder of a purchase money mortgage or deed of trust is, also, prohibited from bringing an *in personam* suit after foreclosure to recover a deficiency. *Realty Co. v. Trust Co., supra,* at 373, 250 S.E. 2d at 275. In fact, our Supreme Court has stated, unequivocally, that "the manifest intention of the Legislature [in codifying G.S. 45-21.38] was to *limit the creditor to the property conveyed* when the note and mortgage or deed of trust are executed to the seller of the real estate . . ." (emphasis ours). *Id.* at 370, 250 S.E. 2d at 273. The restrictions of G.S. 45-21.38, as construed by *Realty Co.,* clearly apply to the foreclosing mortgagee and to the note foreclosed. Neither the

statute nor *Realty Co.*, however, addresses the question of whether the holder of a second mortgage or deed of trust, whose security has been destroyed as a result of foreclosure by a senior holder of a purchase money mortgage or deed of trust, can bring an *in personam* action for the debt. Indubitably, the status of a holder of a second purchase money mortgage or deed of trust, who does not realize the security or any of the proceeds from the foreclosure sale, is that of an unsecured creditor. As a general rule the anti-deficiency statute does not apply to actions by unsecure creditors. *Brown v. Owens*, 251 N.C. 348, 350, 111 S.E. 2d 705, 707 (1959). Indeed, our Supreme Court, in addressing this same question, held that G.S. 45-21.38 does not bar an *in personam* action by a holder of a second purchase money deed of trust when the security for the debt has been exhausted by foreclosure of a first purchase money mortgage or deed of trust. *Brown v. Kirkpatrick*, 217 N.C. 486, 487, 8 S.E. 2d 601, 602 (1940). In *Brown v. Kirkpatrick*, the Court reasoned:

> It is apparent that this statute does not by its terms prohibit the holder of a note, though secured by a second deed of trust, from obtaining judgment on the note when the property has been sold under another deed of trust having priority of lien. The statute applies only to the holders of notes "secured by such deed of trust," that is the deed of trust under which the security was foreclosed and the land sold. It refers to the "obligation secured by the same." The holder of the note secured by the first deed of trust upon foreclosure, presumably, will receive satisfaction of his note from the sale, or he can protect himself by purchase of the land. *But the holder of the note secured by the second deed of trust, who receives nothing, or an insufficient amount, from the sale, finds himself without security. In this situation the Court will not extend by judicial interpretation the provisions of the statute, and deny him the right to judgment for a valid debt.* (Emphasis ours.)

217 N.C. at 487-488, 8 S.E. 2d at 602.

Our Supreme Court has never overruled or modified this central ruling in *Brown v. Kirkpatrick*, that the anti-deficiency statute does not apply to a holder of a second purchase money mortgage or deed of trust whose security has been exhausted. In

fact, *Realty Co.*, which broadly interprets the anti-deficiency judgment statute, contains no express disapproval of *Brown v. Kirkpatrick.* Thus, we reaffirm the Court's ruling in *Brown v. Kirkpatrick*, and we hold that G.S. 45-21.38 does not apply to a holder of a second purchase money deed of trust or mortgage whose security has been destroyed as a result of foreclosure by a holder of a first purchase money mortgage or deed of trust. Accordingly, we affirm that portion of the trial court's order entering summary judgment for plaintiffs in the amount of $50,980.93, which represents the balance due on the promissory note plus interest, thereon.

[2] The defendants also contend that the trial court erred by awarding to the plaintiffs attorneys' fees. They argue that the award of attorneys' fees was erroneous because they did not receive notice of plaintiffs' intent to collect attorneys' fees as required by G.S. 6-21.2(5). We agree.

G.S. 6-21.2(5) provides in pertinent part that:

The holder of an unsecured note or other writing(s) evidencing an unsecured debt, and/or the holder of a note and chattel mortgage or other security agreement and/or the holder of a conditional sale contract or any other such security agreement which evidences both a monetary obligation and a security interest in or a lease of specific goods, or his attorney at law, *shall*, after maturity of the obligation by default or otherwise, *notify the maker, debtor, account debtor, endorser or party sought to be held on said obligation that the provisions relative to payment of attorneys' fees in addition to the "outstanding balance" shall be enforced and that such maker, debtor, account debtor, endorser or party sought to be held on said obligation has five days from the mailing of such notice to pay the "outstanding balance" without the attorneys' fees.* If such party shall pay the "outstanding balance" in full before the expiration of such time, then the obligation to pay the attorneys' fees shall be void, and no court shall enforce such provisions. (Emphasis ours.)

The statutory use of "shall" renders the provision requiring notice mandatory. Although the form of notice required is not specified by the statute, it is clear that the notice must be writ-

ten and that such notice must advise the debtor of his right under G.S. 6-21.2(5) to pay the outstanding balance on the note without incurring attorneys' fees. Notwithstanding the clear language of the statute, plaintiffs argue that notice for the purposes of 6-21.2(5) was given when they served their complaint upon the defendants. We do not find any authority in support of this contention in our State court jurisdiction, and plaintiffs direct us to none. However, the Fourth Circuit Court of Appeals in responding to this same contention, has ruled that the filing of a claim in bankruptcy does not satisfy the requirements of G.S. 6-21.2(5). *ITT-Industrial Credit Co. v. Hughes,* 594 F. 2d 384, 387 (4th Cir. 1979). Hence, we are of the view, buttressed by *ITT-Industrial,* that the serving of the complaint upon the defendants seeking to recover attorneys' fees does not satisfy the requirements of G.S. 6-21.2(5). Plaintiffs' affidavits and pleadings in support of their motion for summary judgment, do not include a sworn statement or other evidence establishing compliance with G.S. 6-21.2(5). Thus, plaintiffs' own evidence and the forecast of defendants' evidence, establish that there is no genuine issue of material fact as to plaintiffs' failure to give notice as required by G.S. 6-21.2(5), and that defendants are entitled to judgment on this issue as a matter of law. For this reason, summary judgment on the issue of attorneys' fees should have been granted to the defendants. Accordingly, we hold that the portion of the court's Order granting summary judgment in favor of plaintiffs on the issue of attorneys' fees was improper. The judgment of the trial court awarding to the plaintiffs attorneys' fees is reversed, and this cause is remanded to the trial court with instructions for entry of summary judgment for defendants on this issue.

Affirmed in part; reversed and remanded in part.

Judges HEDRICK and HILL concur.