WALLACE N. HYDE, W. TED PHILLIPS, AND J. TED JORDAN v. JOHN R. TAYLOR AND MRS. JOHN R. (PAT J.) TAYLOR

No. 8328SC1075

(Filed 2 October 1984)

1. **Mortgages and Deeds of Trust § 32.1— deficiency statutes—lack of deficiency or foreclosure**
    The anti-deficiency statutes, G.S. 45-21.36 and G.S. 45-21.38, did not bar an action on a note when there was no deficiency because plaintiffs had paid the full amount due at the foreclosure sale, and when plaintiffs sued on an entirely different obligation from that which prompted foreclosure.

---

1. *See Berner v. Lazzaro*, 730 F. 2d 1319 (9th Cir. 1984).

2. **Rules of Civil Procedure § 56.3— summary judgment—affidavit—personal knowledge**

Defendants presented a sufficient forecast of the evidence to satisfy the requirements of G.S. 1A-1, Rule 56(e), and thus the trial court erred in granting plaintiffs' motion for summary judgment, where plaintiffs and defendants presented contradictory affidavits alleging specific facts based on personal knowledge.

3. **Rules of Civil Procedure § 56.4— summary judgment—statute of limitations—failure of opposing party to present evidence**

In a counterclaim for fraud in which plaintiff raised the statute of limitations, partial summary judgment was proper where defendants presented no evidence indicating that they did not discover or should not have discovered any fraud until within three years of the filing of their counterclaim.

4. **Fraud §§ 3.2, 5.1— misrepresentation of value—inspection—readily apparent aspects**

Defendants' forecast of the evidence was insufficient to establish an affirmative defense of fraud where alleged defects in the property suggested only that the property was worth less than expected, and where defendants had thoroughly inspected the property before executing a contract and note.

APPEAL by defendants from *Lewis, Robert D., Judge.* Judgment entered 7 January 1983 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 21 August 1984.

Plaintiffs sued to recover principal and interest on a $179,627 promissory note executed by defendants. From summary judgment in favor of plaintiffs' claim and against defendants' counterclaim, defendants appeal.

*Herbert L. Hyde for plaintiff appellees.*

*Lentz, Ball & Kelley, by Ervin L. Ball, Jr., for defendant appellants.*

WHICHARD, Judge.

Defendants contend the court erred in granting summary judgment for three reasons: (1) the anti-deficiency statutes, G.S. 45-21.36 and 45-21.38, bar plaintiffs' suit on the note; (2) a genuine issue of material fact exists as to whether plaintiffs breached their contract with defendants and thereby discharged defendants' obligation on the note; and (3) defendants' defense and counterclaim for fraud and misrepresentation involve disputed issues of material fact. We agree as to the second reason, and we thus remand for trial on that issue only.

The facts relevant to defendants' contentions are as follows. Through plaintiffs, defendants negotiated the purchase of a motel owned by Piney Mountain Properties, Inc. (Piney). Hyde Insurance Agency, Inc. (Agency) held a lease on the property and an option to purchase. The three individual plaintiffs had no ownership interest in the motel; they were shareholders in either Piney or Agency and largely controlled those corporations.

On 2 May 1973 Piney, Agency, plaintiffs and defendants executed the following documents: (1) a memorandum of option to purchase between Piney and defendants, (2) a contract and agreement between Piney, Agency, plaintiffs and defendants, (3) a deed of trust from Piney and defendants to plaintiffs and their trustee, and (4) a promissory note from defendants to plaintiffs.

The contract and agreement stated that defendants were "desirous of acquiring all right, title and interest of Piney, Agency, and of Wallace N. Hyde, W. Ted Phillips and J. Ted Jordan, individually and as stockholders in Agency . . . ." Because Piney did not have marketable fee simple title to the motel, the sale was structured to convey the present rights that Piney, Agency and plaintiffs had in the motel, and contained a promise to convey legal title in the future. Plaintiffs anticipated obtaining marketable title for Piney once the total payments made to first mortgagee First Atlantic Corporation (First Atlantic) plus $49,040.10 equalled or exceeded $961,875, at which time Piney could make a motion in the cause in pending legal proceedings to extinguish another lien on the property.

The contract provided that defendants would pay Agency $50,000 at the signing of the agreement and would deliver a promissory note for $179,627 to plaintiffs. It also stated that the note was "full payment for all right, title and interest of Agency and the named individuals as shareholders and custodians of shares in said Agency . . . and for contractual rights in and to said premises of Agency and the named individuals . . . ." The note was secured by a second deed of trust on the motel. Defendants further agreed to assume the first note and deed of trust held by First Atlantic. In return, Piney was to convey marketable title to defendants when it acquired it. Plaintiffs further contracted to repay to defendants all payments made after they were entitled to the deed but did not receive it.

Defendants made payments on the mortgage to First Atlantic through March 1976. When plaintiffs refused to deliver to defendants a deed to the motel property, defendants stopped making payments and assigned their interest to a third party. The obligation to First Atlantic consequently went into default. First Atlantic foreclosed in 1977, and Piney bid in for the balance due. Title was conveyed to Piney, and Piney in turn conveyed to the individual plaintiffs, who ultimately sold the property to a third party. The second deed of trust that secured the note to plaintiffs was cancelled when plaintiffs sold the property to the third party. Plaintiffs instituted this action, claiming that defendants had defaulted on the note to them.

I.

[1] Defendants first pleaded in defense that the anti-deficiency statutes, G.S. 45-21.36 and 45-21.38, barred plaintiffs' action on the note. These statutes bar deficiency judgments in certain circumstances. They have no bearing on the present case because (1) plaintiffs do not seek a deficiency judgment, and (2) plaintiffs never had the opportunity to foreclose.

A deficiency judgment is an "imposition of personal liability on mortgagor for unpaid balance of mortgage debt after foreclosure has failed to yield full amount of due debt." *Black's Law Dictionary* 379 (5th ed. 1979). Because plaintiffs, acting through Piney, paid the full amount due to First Atlantic at the foreclosure sale, there was no deficiency. Moreover, plaintiffs sued on an entirely different obligation from that which prompted foreclosure. G.S. 45-21.36 allows a debtor to claim a setoff against a deficiency judgment to the extent that the bid at the foreclosure is substantially less than the true value of the realty, where (1) the creditor forecloses pursuant to a power of sale clause, (2) there is a deficiency, and (3) the creditor who forecloses is the party seeking a deficiency judgment. Thus, by its terms, G.S. 45-21.36 does not apply to the present case. *See Richmond Mortgage & Loan Corp. v. Wachovia Bank & Trust Co.*, 210 N.C. 29, 34, 185 S.E. 482, 485 (1936), *affirmed*, 300 U.S. 124, 81 L.Ed. 552, 57 S.Ct. 338 (1937).

Defendants cite *Ross Realty Co. v. First Citizens Bank & Trust Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1979), for the proposition that a creditor may not circumvent G.S. 45-21.38 by suing on the

note as an alternative to foreclosing. In *Ross Realty* the vendor-creditor could have foreclosed, but due to a decline in value of the subject property it chose instead to sue on the underlying debt. The present case is distinguishable in that plaintiffs could not foreclose and therefore were not attempting to circumvent the anti-deficiency statute. In a case similar to this one, our Supreme Court held that, notwithstanding the anti-deficiency statute, a creditor could sue on the purchase money note he held where he had lost the opportunity to foreclose due to an earlier foreclosure by another creditor. *Brown v. Kirkpatrick*, 217 N.C. 486, 8 S.E. 2d 601 (1940). "It is apparent that this statute [the predecessor to G.S. 45-21.38] does not by its terms prohibit the holder of a note, though secured by a second deed of trust, from obtaining judgment on the note when the property has been sold under another deed of trust having priority of lien." *Id.* at 487, 8 S.E. 2d at 602. *See also Barnaby v. Boardman*, 70 N.C. App. 299, 318 S.E. 2d 907 (1984); *Blanton v. Sisk*, 70 N.C. App. 70, 318 S.E. 2d 560 (1984).

*Ross Realty* and *Brown* together can lead to an illogical result: if the debtor is solvent, but the property securing the debt is inadequate security, the senior purchase money creditor may be left with a deficiency it cannot recover, while the creditor with subordinate security could sue on the full outstanding debt. *See* Note, *Mortgages and Deeds of Trust—Ross Realty Co. v. First Citizens Bank & Trust Co.: North Carolina Anti-Deficiency Judgment Statute Bars Personal Actions Against Purchase Money Mortgagors*, 58 N.C. L. Rev. 855, 861-63 (1980). The present case is controlled by *Brown*, however, and policy issues raised by *Ross Realty* are beyond the scope of this decision. Defendants cannot claim the anti-deficiency statutes as an affirmative defense.

## II.

[2] Defendants also pleaded as a defense and counterclaim that plaintiffs breached their contract, thereby discharging defendants' obligation on the promissory note and entitling them to recover certain sums they spent on the motel. As noted above, the contract provided that if defendants met the $961,875 payment level and plaintiffs then failed to deliver a marketable fee simple title to the motel, plaintiffs guaranteed to repay to defendants all payments made after they were entitled to the deed but did not

receive it. This guarantee effectively discharged defendants from the duty to make further payments.

Plaintiffs presented an affidavit which averred that defendants did not make sufficient payments to entitle them to the motel deed. Defendants supplied a counter-affidavit asserting they had made sufficient payments. The documents presented thus show a genuine issue of material fact. The pleadings, interrogatory answers, affidavits and other materials do not contain documentary evidence of payments made through March 1976, but the affidavits do allege specific facts based on personal knowledge concerning the payments made by defendants. Accordingly, defendants presented a sufficient forecast of evidence to satisfy the requirements of G.S. 1A-1, Rule 56(e). The court thus erred in granting plaintiffs' motion for summary judgment with respect to defendants' breach of contract defense and counterclaim.

### III.

[3] Defendants finally contend that they should prevail on their defense and counterclaim for fraud. Their pleadings allege that plaintiffs fraudulently induced them to agree to buy the motel by misrepresenting the condition of the premises and the occupancy rate. Plaintiffs denied making such representations and further stated that defendants conducted a thorough examination of the motel before entering the contract. Plaintiffs also raised as a defense the statute of limitations, G.S. 1-52.

As to the latter, defendants counterclaimed for fraud on 9 March 1982. The alleged misrepresentations and fraud occurred on or about 2 May 1973 when the contract and note were signed. G.S. 1-15, 1-46, and 1-52(9) establish a three year limitation for bringing claims based on fraud. The period begins to run upon "the discovery by the aggrieved party of the facts constituting the fraud . . . ." G.S. 1-52(9). Our Supreme Court has interpreted this language to mean that "the statute of limitations begins to run from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence." *B-W Acceptance Corp. v. Spencer*, 268 N.C. 1, 7, 149 S.E. 2d 570, 575 (1966).

Once plaintiffs pleaded the statute of limitations, the burden was on defendants to show that they instituted their fraud claim

within the allotted time. *Id.* at 8, 149 S.E. 2d at 575; *Swartzberg v. Reserve Life Ins. Co.*, 252 N.C. 150, 156-57, 113 S.E. 2d 270, 277 (1960). Defendants presented no evidence indicating that they did not discover or should not have discovered any fraud until within three years of the filing of their counterclaim. The forecast of evidence strongly suggests the opposite. Partial summary judgment as to defendants' counterclaim for fraud was proper.

[4] Defendants also pleaded fraud as a defense to the action on the promissory note. Plaintiffs denied all allegations of misrepresentation. Defendants subsequently filed an affidavit which stated that they were not informed of certain physical defects in the motel and that they were told the occupancy rate of the motel ran at eighty percent. The affidavit stated that defendants experienced only up to thirty percent occupancy.

Assuming that the allegations in defendants' affidavit are true, they nevertheless fall short of establishing the elements of fraud. Fraud requires a false representation or concealment of a material fact, reasonably calculated to deceive, made with intent to deceive, which does in fact deceive, resulting in damage to the party who is the object of the misrepresentation. *Terry v. Terry*, 302 N.C. 77, 83, 273 S.E. 2d 674, 677 (1981). No evidence suggests that the representation of an eighty percent occupancy rate prior to the contract was false. The alleged defects in the motel suggest only that defendants received consideration worth less than they expected. Inadequacy of consideration alone is an insufficient basis on which to set aside an instrument on the grounds of fraud. *Cowart v. Honeycutt*, 257 N.C. 136, 142, 125 S.E. 2d 382, 386 (1962). Before it is sufficient evidence to be submitted to the jury on an issue relating to fraud, the inadequacy must be "so gross and palpable as to shock the moral sense." *Id.* The forecast of evidence does not establish such "gross and palpable" inadequacy.

Finally, plaintiffs in their interrogatory answers stated that defendants thoroughly inspected the motel property before executing the contract and note. This evidence was not contradicted. Defendants could not reasonably rely on non-representations or misrepresentations about readily apparent aspects of the physical condition of the motel after they had inspected it. *Marshall v. Keaveny*, 38 N.C. App. 644, 648-50, 248 S.E. 2d 750, 753-54 (1978). Defendants' forecast of evidence thus was legally insufficient to establish an affirmative defense of fraud.

The result is that the judgment is affirmed except as it relates to the issue of whether plaintiffs breached their contract with defendants and thereby discharged defendants' obligation on the note. As to that issue it is reversed, and the cause is remanded for further proceedings which accord with this opinion.

Affirmed in part, reversed in part, and remanded.

Judges ARNOLD and EAGLES concur.