EVELYN H. SINK v. LAWRENCE EGERTON, JR.

No. 8422SC1350

(Filed 3 September 1985)

**Mortgages and Deeds of Trust § 32.1— subordinated purchase money deed of trust —foreclosure of senior deed of trust—no right of action on note**

   A seller who is a holder of a subordinate purchase money deed of trust and whose security has been eroded by a foreclosure of a senior deed of trust cannot bring an *in personam* action for the debt because of the anti-deficiency statute, G.S. 45-21.38.

APPEAL by plaintiff from *Walker (Russell G., Jr.), Judge.* Judgment entered 25 September 1984 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 21 August 1985.

Plaintiff sued to recover principal and interest on a $10,000.00 promissory note secured by a purchase money second deed of trust. From judgment for the defendant, plaintiff appealed.

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, for plaintiff, appellant.*

*Egerton, Marshall & Cutcher, by Michael T. Marshall, for defendant, appellee.*

HEDRICK, Chief Judge.

The following facts have been stipulated to by the parties: In May 1980 defendant purchased property. He paid the seller with $23,545.00 borrowed from United Virginia Mortgage Corporation and secured by a deed of trust. The $10,000.00 balance of the purchase price was borrowed from the seller and secured by a subordinate deed of trust.

Defendant failed to make the 15 April 1981 interest payment owed to seller. On 19 April 1981 seller died and her interest in the note was assigned to plaintiff by the administratrix. About 27 May 1981 plaintiff's attorney sent notice to defendant that due to defendant's default plaintiff was exercising her rights under the subordinate note and deed of trust to accelerate the indebtedness. Defendant failed to pay the indebtedness and plaintiff initiated a foreclosure proceeding. Defendant then stopped making payments on the senior note and deed of trust to United Virginia Mortgage Corporation. United Virginia foreclosed on its note and plaintiff abandoned her foreclosure proceeding. At the foreclosure sale, United Virginia bought the property for $26,100.00, an amount more than sufficient to satisfy their lien but less than sufficient to satisfy both liens. Plaintiff received no proceeds from the foreclosure sale.

Plaintiff filed suit on the note on 20 October 1983 at which time the balance due was $13,443.83. The trial court concluded that the action was one for a deficiency judgment and that recovery was barred by the North Carolina Anti-Deficiency Judgment Statute, G.S. 45-21.38.

The dispositive issue on appeal is whether a seller, who is the holder of a subordinate purchase money deed of trust and whose security has been eroded by foreclosure of a senior deed of trust, can bring an *in personam* action for the debt. Plaintiff argues that her suit is not for a deficiency judgment as prohibited by N.C. Gen. Stat. Sec. 45-21.38, but is an action on the note

where the security is no longer available. Plaintiff cites *Brown v. Kirkpatrick*, 217 N.C. 486, 8 S.E. 2d 601 (1940) and *Blanton v. Sisk*, 70 N.C. App. 70, 318 S.E. 2d 560 (1984) in support of her proposition that N.C. Gen. Stat. Sec. 45-21.38 does not apply in this case.

N.C. Gen. Stat. Sec. 45-21.38 provides in pertinent part:

> In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money for real estate: . . .

The legislative intent behind N.C. Gen. Stat. Sec. 45-21.38 is to limit recovery by purchase money mortgagees to the property conveyed. *Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1979). Underlying this intent is a desire to discourage oppressive overpricing at sale and underpricing at foreclosure. Currie & Lieberman, Purchase-Money Mortgages and State Lines: A Study in Conflict-of-Laws Method, 1960 Duke L.J. 1, 30.

Neither *Brown* nor *Blanton* controls the present case. Despite a headnote to the contrary, the facts recited in *Brown* clearly show that the note sued on in that case was not a purchase money note but rather a refinancing note signed a year after the sale. Moreover, a majority of our Supreme Court has recently rejected the reasoning in *Brown. Barnaby v. Boardman*, 313 N.C. 565, 330 S.E. 2d 600 (1985).

In *Blanton* a purchase money deed of trust was subordinated to a deed of trust for a construction loan made after the purchase of the property. Foreclosure under the construction loan deed of trust completely exhausted the collateral. The value of the property in *Blanton* was never applied to the purchase price of the property because all the proceeds from foreclosure went to pay

the construction loan which was unrelated to the purchase of the property.

In the present case, the proceeds from the note secured by the first deed of trust went to the seller. The seller cannot bring an *in personam* action on the subordinated note. To hold otherwise would allow mortgagees to evade N.C. Gen. Stat. Sec. 45-21.38 by merely subordinating their mortgages.

The judgment appealed from is affirmed.

Affirmed.

Judges ARNOLD and COZORT concur.