PAYNTER v. MAGGIOLO

[105 N.C. App. 312 (1992)]

RAYMOND B. PAYNTER AND DAUPHINE P. PAYNTER v. ROBERT MAGGIOLO, SYLVIA MAGGIOLO AND THE VILLAGE BANK, INC.

No. 919SC235

(Filed 4 February 1992)

**Mortgages and Deeds of Trust § 32.1 (NCI3d)— second purchase money deed of trust—first deed of trust foreclosed—action on purchase money note prohibited**

The anti-deficiency statute prohibits the holder of a second purchase money deed of trust from bringing an *in personam* action on the purchase money note after the security for the note has been "destroyed" by foreclosure of the first deed of trust. N.C.G.S. § 45-21.38.

**Am Jur 2d, Mortgages §§ 918, 920.**

APPEAL by defendant from order entered 20 October 1990 in VANCE County Superior Court by *Judge Henry W. Hight, Jr.* Heard in the Court of Appeals 3 December 1991.

*D. Randall Cloninger and Jack H. Hughes, Jr., for plaintiff-appellee.*

*Roberti, Wittenberg, Holtkamp & Lauffer by Samuel Roberti and Christa A. McGill for defendant-appellant Sylvia (Maggiolo) Trembley and Browne and Flebotte by Daniel R. Flebotte for defendant-appellant Robert Maggiolo.*

WYNN, Judge.

In November 1985, Robert Maggiolo and his then wife, Sylvia Maggiolo, ("the Maggiolos") contracted to buy property located in Warren County, North Carolina, from Raymond Paynter and his wife, Dauphine Paynter, ("the Paynters") for $230,000. To partially finance the purchase, the Maggiolos borrowed $145,000 from Village Bank secured by a first deed of trust on the subject property. However, pursuant to the Offer to Purchase, the Maggiolos, after paying the Paynters $1,000 in earnest money and $114,000 at closing, signed a promissory note to the Paynters for the $115,000 balance of the purchase price secured by a second deed of trust on the subject property. (The $30,000 difference in the loan amount and the amount tendered at closing to the sellers apparently was retained by the Maggiolos without explanation. It also should be

noted that Sylvia Maggiolo as a licensed real estate broker received a commission of $6,900 from the sale.)

In 1986, Robert and Sylvia Maggiolo maritally separated. In August of that year, the Maggiolos defaulted on the note and the second deed of trust to the Paynters. In 1988, the Maggiolos divorced; and, in that same year, they defaulted on the note and the first deed of trust to Village Bank.

Village Bank thereafter instituted foreclosure proceedings and pursuant thereto the bank purchased the property at a foreclosure sale. The sale was confirmed on 2 January 1989. Following this sale, Robert Maggiolo, after again obtaining financing from Village Bank, repurchased the property from the bank on 9 January 1989.

In April 1989, the Paynters, unable to collect on the note and second deed of trust and having not participated in the foreclosure proceeding, brought a separate action against the Maggiolos alleging six claims: breach of contract, promissory estoppel, legal malpractice, default and acceleration of the balance due on the promissory note, fraud and collusion. Later, the plaintiffs amended their complaint to include claims for unjust enrichment, misrepresentation and fraud. The Maggiolos filed responsive pleadings and counterclaims for false representation alleging that environmental waste had been found on the property.

Thereafter, the Paynters made a timely motion for partial summary judgment on the claim of default and acceleration on the balance due on the promissory note. From the 20 October 1990 order granting partial summary judgment in favor of the plaintiffs, the defendants, Sylvia Trembley (Maggiolo) and Robert Maggiolo, appeal.

---

We note initially that although neither party addresses the interlocutory nature of this appeal, this Court may address such issues *ex proprio motu. See Bailey v. Gooding,* 301 N.C. 205, 211, 270 S.E.2d 431, 435 (1980). Therefore, as we find that the order granting summary judgment affects a substantial right of the parties, we will consider the substance of this appeal. N.C. Gen. Stat. § 1-277 and 7A-27(d) (1983). *See J&B Slurry Seal Co. v. Mid-South Aviation, Inc.,* 88 N.C. App. 1, 9, 362 S.E.2d 812, 817 (1987).

The issue on this appeal is whether North Carolina's antideficiency statute prohibits the holder of a second purchase money

deed of trust from bringing an *in personam* action on the note for the debt even though the security has been "destroyed" by foreclosure of the first deed of trust.

The anti-deficiency statute, set forth at N.C. Gen. Stat. § 45-21.38 (1984) provides as follows:

> In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same. . . .

*Id.*

Plaintiffs contend that the foreclosure sale of the Warren County property by the holder of the first deed of trust, Village Bank, effectively destroyed the underlying security to their note. As such, they argue that they should be allowed to sue the Maggiolos personally on the note given to them. For this proposition, the plaintiffs rely upon this Court's decision in *Blanton v. Sisk*, 70 N.C. App. 70, 318 S.E.2d 560 (1984), which allowed an *in personam* action by the holder of a second purchase money deed of trust when the security for the debt had been exhausted by foreclosure of a first purchase money mortgage or deed of trust. In so holding the *Blanton* Court stated that its decision was a reaffirmation of the Supreme Court's decision in *Brown v. Kirkpatrick*, 217 N.C. 486, 8 S.E.2d 601 (1940).

The reasoning of *Brown* was rejected expressly by our Supreme Court in *Barnaby v. Boardman*, 313 N.C. 565, 330 S.E.2d 600 (1985). There, the Court spoke to the propriety of *in personam* suits on the note, holding that "[o]ur anti-deficiency statute 'bars any suit on the note whether before or after foreclosure.'" *Id.* at 571, 330 S.E.2d at 603 (quoting Note, 15 Wake Forest L. Rev. 822, 830 (1979)). The Court further stated that "the creditor is limited 'to the property conveyed when the note and the mortgage or deed of trust are executed to the seller of the real estate and the securing instruments state that they are for the purpose of securing the

balance of the purchase price.' " *Id.* at 571, 330 S.E.2d at 604 (quoting *Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E.2d 271 (1979) ). This being the current state of the law, plaintiff's reliance on the rationale of *Brown* and its progeny, is misplaced.

Moreover, in a case quite similar to the one at hand, this Court in *Sink v. Egerton*, 76 N.C. App. 526, 333 S.E.2d 520 (1985), concluded that a seller, who is the holder of a subordinate purchase money deed of trust and whose security has been eroded by foreclosure of a senior deed of trust, cannot bring an *in personam* action for the debt. The defendant in *Sink* purchased property and paid the seller with $23,545.00 borrowed from a bank and secured with a first deed of trust. The $10,000 balance of the purchase price was borrowed from the seller and secured with a subordinate deed of trust. The defendant defaulted on both loans and the bank foreclosed on the note and the property. The Court concluded that the seller could not sue on the subordinate note, holding that the "legislative intent behind N.C. Gen. Stat. § 45-21.38 is to limit recovery by purchase money mortgagees to the property conveyed." *Id.* at 528, 333 S.E.2d at 521.

Likewise, in the instant case, the plaintiffs cannot bring an action on the subordinated note. We hold that, as a matter of law, the trial court erred in granting partial summary judgment in favor of the plaintiffs.

Reversed.

Judges PARKER and GREENE concur.