JACK L. ADAMS, PLAINTIFF-APPELLANT v. LARRY D. COOPER, WILLIAM A. GRIFFIN, WILLIAM M. HOOPER, JIMMY R. JENKINS, DEFENDANTS-APPELLEES

No. 931SC561

(Filed 19 April 1994)

**Mortgages and Deeds of Trust § 119 (NCI4th)— sale of restaurant — action against guarantors on purchase money note — anti-deficiency statute—not applicable**

The trial court erred by dismissing plaintiff's action against defendants as guarantors of a note used for the purchase of a restaurant on the grounds that the action was barred by the anti-deficiency statute. The enactment of N.C.G.S. § 45-21.38 was intended to benefit and protect purchasers of real property; defendants here were not the purchasers of real property and nothing in the language of the statute indicates a legislative intent to extend the statute's protection to persons other than purchase money mortgagors. Moreover, the liability of a guarantor is unlike the liability of the principal debtor; a judgment against defendants based on their independent promise to pay the debt upon maturity if not paid by the principal would not be a deficiency judgment.

ADAMS v. COOPER

[114 N.C. App. 459 (1994)]

**Am Jur 2d, Mortgages § 920.**

**Mortgages: effect upon obligation of guarantor or surety of statute forbidding or restricting deficiency judgments. 49 ALR3d 554.**

Judge McCRODDEN dissenting.

Appeal by plaintiff from order entered 11 May 1993 by Judge Gary E. Trawick in Dare County Superior Court. Heard in the Court of Appeals 3 March 1994.

On or about 3 January 1989, One December Enterprises, Inc., contracted to purchase from plaintiff a restaurant located in Dare County, North Carolina. Pursuant to the terms of the contract, One December (1) made a cash down payment, (2) assumed two notes which were secured by a first and a second deed of trust, and (3) executed a promissory note in the principal amount of $156,330.71 which was secured by a third deed of trust. Defendants signed the purchase money note as guarantors.

One December thereafter defaulted on its indebtedness to plaintiff and the second deed of trust was foreclosed. The foreclosure of the second deed of trust had the effect of destroying the security for the third deed of trust.

Plaintiff filed this action to recover the amount owed on the purchase money note secured by the third deed of trust from defendants as guarantors of the note. Defendants thereafter moved, pursuant to G.S. 1A-1, Rule 12(b)(6), to dismiss the action, contending that plaintiff's action is barred by the anti-deficiency statute. The trial court allowed defendants' motion and plaintiff appealed.

*Trimpi & Nash, by John G. Trimpi, for plaintiff-appellant.*

*Twiford, Morrison, O'Neal & Vincent, by Edward A. O'Neal, for defendant-appellees.*

MARTIN, Judge.

The sole issue presented by this appeal is whether North Carolina's anti-deficiency statute, G.S. § 45-21.38, bars an *in personam* action against a non-mortgagor guarantor of a purchase money promissory note. For the reasons set forth herein, we hold that such a action is not statutorily barred and reverse the order of the trial court dismissing plaintiff's claim.

ADAMS v. COOPER

[114 N.C. App. 459 (1994)]

Our decision in this case requires us to interpret G.S. § 45-21.38 which provides in pertinent part:

> In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust . . . to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust, or obligation secured by the same . . . .

When interpreting a statute, the intent of the Legislature is the controlling factor. *Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 403 S.E.2d 291 (1991). It is well settled that the intent of the Legislature in enacting G.S. § 45-21.38 was "to protect *vendees* from the oppression by vendors and *mortgagors* from oppression by mortgagees." (Emphasis added.) *Realty Co. v. Trust Co.*, 296 N.C. 366, 371, 250 S.E.2d 271, 274 (1979). "The protection it offers is afforded to all *purchasers of realty* who secure any part of the purchase price with a deed of trust on the realty they are purchasing." (Emphasis added.) *Bank v. Belk*, 41 N.C. App. 356, 365, 255 S.E.2d 421, 427, *disc. review denied*, 298 N.C. 293, 259 S.E.2d 911 (1979). The Legislature feared that without the statute real property would be overpriced at sale and underpriced at foreclosure. *Sink v. Egerton*, 76 N.C. App. 526, 333 S.E.2d 520 (1985). The statute was intended to prevent the possibility of wholesale foreclosures followed by executions on deficiency judgments which would leave a potentially large number of purchasers without their land and without the assets necessary for subsistence. *Bank*, at 366, 255 S.E.2d at 427-28. To effect this end, the Legislature took away from creditors the option of suing upon the note in a purchase money mortgage transaction. *Realty Co.*, *supra*.

As the foregoing authorities plainly illustrate, the enactment of G.S. § 45-21.38 was intended to benefit and protect purchasers of real property. In the present case, defendants were not the purchasers of the realty conveyed by plaintiff and nothing in the language of the statute indicates a legislative intent to extend the statute's protection to persons other than purchase money mortgagors. As non-owners of the property conveyed, defendants are not faced with the possibility of losing both their land and the assets

ADAMS v. COOPER

[114 N.C. App. 459 (1994)]

necessary for subsistence. Thus, extending the statute's protection to defendants would not effectuate the intent of the Legislature.

Moreover, defendants signed the purchase money note in question as "guarantors." The liability of a guarantor is unlike the liability of the principal debtor.

> A guarantor's liability arises at the time of the default of the principal debtor on the obligation or obligations which the guaranty covers. A guaranty of payment is an absolute promise by the guarantor to pay a debt at maturity if it is not paid by the principal debtor. This obligation is independent of the obligation of the principal debtor, and the creditor's cause of action against the guarantor ripens immediately upon the failure of the principal debtor to pay the debt at maturity. (Citations omitted.)

*Gillespie v. DeWitt*, 53 N.C. App. 252, 258, 280 S.E.2d 736, 741, *disc. review denied*, 304 N.C. 390, 285 S.E.2d 832 (1981).

As guarantors, defendants are being sued on a promise independent of the promise of the principal debtor. A judgment against defendants on this separate contract cannot be construed as a judgment for a deficiency. By definition, a deficiency judgment is a judgment against the principal debtor for the debt remaining unsatisfied following the foreclosure sale of the mortgaged property. Defendants' obligation, unlike the obligation of the principal debtor, is unsecured. Thus, a judgment against defendants based on their independent promise to pay the debt upon maturity if not paid by One December would not be a *deficiency* judgment.

We hold that G.S. § 45-21.38 does not bar an action against a guarantor of a purchase money note secured by a mortgage or deed of trust to recover the debt represented by the note. The order of the trial court dismissing plaintiff's claim is reversed.

Reversed.

Judge EAGLES concurs.

Judge McCRODDEN dissents.

ADAMS v. COOPER

[114 N.C. App. 459 (1994)]

Judge McCRODDEN, dissenting.

I respectfully dissent. There is nothing in N.C. Gen. Stat. § 45-21.38 (1991) that limits the protection afforded by the prohibition against deficiency judgments to the purchasers of property. None of the cases cited by the majority addresses the issue raised by this case, and the Court should not read the reasoning of those decisions to exclude, by silence, reasoning that may be appropriate here. To say that the cases not addressing this issue "plainly illustrate" by omission is fallacious reasoning.

There are sound reasons for allowing the guarantor the protection of N.C.G.S. § 45-21.38. One is that it encourages guarantors to assist in commerce without being held to a higher level of liability than those they are attempting to assist. To extend the guarantor's liability beyond that of the mortgagor has a chilling effect on such transactions. Another reason is that it properly puts upon the mortgagor and mortgagee the responsibility of assuring that the loan amount is in line with the value of the property being mortgaged.

The majority opinion also ignores *Bank v. Belk,* 41 N.C. App. 356, 255 S.E.2d 421, *disc. review denied,* 298 N.C. 293, 259 S.E.2d 911 (1979), in which this Court, while not addressing the issue directly, at least suggested the possibility that the guarantor could use the anti-deficiency statute as a defense, as well as the very recent case *Smith v. Childs,* 112 N.C. App. 672, 437 S.E.2d 500 (1993), in which this Court concluded that a reasonable purchase money mortgagee would not seek to enforce a personal guaranty against a guarantor because "in all likelihood, G.S. § 45-21.38 would operate to bar recovery." *Smith* at 685, 437 S.E.2d at 508.

I vote to affirm.