CAROLINA BANK, Plaintiff v. CHATHAM STATION, INC. f/k/a, BOSTIC DEVELOPMENT AT CHATHAM STATION, INC., JEFF L. BOSTIC, MELVIN E. MORRIS, SUE B. MORRIS and MICHAEL L. FREEMAN, Defendants

No. COA06-1226

(Filed 16 October 2007)

**1. Appeal and Error— appealability—partial summary judgment—writ of certiorari—judicial economy**

Although plaintiff's appeal from the trial court's order granting defendants' joint motion for judgment on the pleadings is effectively an order of partial summary judgment and therefore an appeal from an interlocutory order, the Court of Appeals will

CAROLINA BANK v. CHATHAM STATION, INC.

[186 N.C. App. 424 (2007)]

treat the appeal as a petition for writ of certiorari and consider the order on its merits because this case is one of those exceptional cases where judicial economy will be served by reviewing the interlocutory order.

**2. Mortgages and Deeds of Trust— foreclosure sale—calculation of deficiency**

The trial court did not err in a foreclosure deficiency case by granting defendants' motion for judgment on the pleadings on the issue that the amount yielded by the foreclosure sale for the purpose of calculating the deficiency is $1,021,911.80, because: (1) the amount for which the property was sold to plaintiff at the foreclosure sale is the amount yielded by the foreclosure sale and is to be used to determine whether a deficiency existed; and (2) the amount of the subsequent sale by plaintiff to a third party was irrelevant.

**3. Mortgages and Deeds of Trust— foreclosure deficiency— replying to affirmative defenses**

The trial court did not err in a foreclosure deficiency case by granting defendants' motion for judgment on the pleadings under N.C.G.S. § 1A-1, Rule 12(c) even though plaintiff contends it was inequitable given the fact that N.C.G.S. § 1A-1, Rule 7(a) allegedly prevented it from replying to defendants' affirmative defenses, because: (1) plaintiff could have filed a motion under N.C.G.S. § 1A-1, Rule 7(a) requesting permission to file a reply, but failed to do so; (2) plaintiff did bring the defenses of equitable estoppel and unjust enrichment to the attention of the trial court by way of its response to defendant's motion, its trial brief, and its arguments before the trial court; and (3) the dispositive fact in the trial court's order, the amount yielded by the foreclosure sale, was contained in plaintiff's complaint and was undisputed by defendant.

**4. Appeal and Error— preservation of issues—failure to obtain ruling at trial**

Although plaintiff contends the trial court erred in a foreclosure deficiency case by hearing defendants' joint motion for judgment on the pleadings without disposing of plaintiff's motion to continue, this argument is dismissed because plaintiff did not preserve this question for appellate review when it did not obtain a ruling from the trial court on its motion for a continuance as required by N.C. R. App. P. 10(b)(1).

CAROLINA BANK v. CHATHAM STATION, INC.

[186 N.C. App. 424 (2007)]

Appeal by plaintiff from Order entered 18 April 2006 by Judge Timothy S. Kincaid in Guilford County Superior Court. Heard in the Court of Appeals 11 April 2007.

*Sparrow Wolf & Sparrow, P.A., by Donald G. Sparrow and James A. Gregorio, for plaintiff-appellant.*

*Ivey, McClellan, Gatton & Talcott, LLP, by Edwin R. Gatton, for defendant-appellees.*

STROUD, Judge.

Plaintiff appeals from an order entered 18 April 2006 granting defendants' Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure. For the reasons that follow, we affirm.

## I. Background

On or about 24 November 2003, defendant Chatham Station, Inc. executed a deed of trust for the benefit of plaintiff, giving a security interest in property in Chatham County, North Carolina. The deed of trust secured a line of credit note in the maximum amount of $2,000,000. Defendants Jeff L. Bostic, Melvin E. Morris, and Michael L. Freeman guaranteed the note.

Defendants defaulted on the note, and foreclosure proceedings were instituted in Chatham County, North Carolina on or about 5 April 2005. Upon foreclosure, plaintiff was the highest bidder and purchased the property for the sum of $1,021,911.80 and took title to the foreclosed property. A report of foreclosure sale was filed in Chatham County on or about 10 May 2005 showing that plaintiff was the purchaser and highest bidder. Subsequent to the conclusion of the foreclosure sale, plaintiff sold the subject property in an arms length transaction for $750,000, resulting in net proceeds of $747,078.18.

On 21 September 2005 plaintiff filed a complaint against defendants for a foreclosure deficiency on the line of credit note, as well as for judicial foreclosure on a deed of trust executed by defendants Melvin E. Morris and Sue B. Morris conveying a security interest on an unrelated parcel of land. The claim for judicial foreclosure was subsequently dismissed by plaintiff because payment was received. Plaintiff went forward with its deficiency claim. The complaint contained two claims for deficiency: (1) an initial deficiency of $53,693.79, consisting of legal fees, taxes advanced, accrued interest

CAROLINA BANK v. CHATHAM STATION, INC.

[186 N.C. App. 424 (2007)]

and expenses;[1] and (2) $238,816.87, arising from plaintiff's net proceeds of $747,078.18 from the subsequent sale of the property.[2]

On 23 November 2005, defendants Jeff. L. Bostic, Melvin E. Morris and Sue B. Morris filed answers to plaintiff's complaint and included exhibit A, "The Report of Foreclosure Sale," and exhibit B, "The Statement of the Account." Defendant Michael L. Freeman filed an answer on or about 9 December 2005. On 8 March 2006, defendants filed a Joint Motion for Judgment on the Pleadings, with a supporting brief filed on or about 28 March 2006. On 20 March 2006 plaintiff moved for a continuance and filed a response to defendants' Joint Motion for Judgment on the Pleadings. On 31 March 2006, plaintiff filed a brief in opposition to defendants' Joint Motion for Judgment on the Pleadings. On 4 April 2006, the Honorable Timothy S. Kincaid heard oral arguments on defendants' Joint Motion for Judgment on the Pleadings in Superior Court, Guilford County. On 18 April 2006, Judge Kincaid granted defendants' Joint Motion for Judgment on the Pleadings as it related to Claim I of the deficiency in that Plaintiff's foreclosure bid in the amount of $1,021,911.80 was binding on plaintiff and credited to defendants for the purpose of determining any deficiency.

II. Scope of Review

Plaintiff appeals from the trial court's order granting defendants' Joint Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure. However, when "matters outside the pleadings [have been] considered by the [trial] court in reaching its decision on the judgment on the pleadings, the motion [is] treated as if it were a motion for summary judgment" on review by this Court. *Helms v. Holland*, 124 N.C. App. 629, 633, 478 S.E.2d 513, 516 (1996).

In making the decision on defendants' motion for judgment on the pleadings, the trial court's order states that the court considered the briefs submitted by both plaintiff and defendants and the arguments of counsel in addition to the pleadings and exhibits. Therefore the motion for judgment on the pleadings will be treated as motion for summary judgment on appeal.

---

1. Defendants conceded that they were liable for these items upon valid documentation.

2. The actual numbers from which plaintiff derived this amount as its damages is not clear from the complaint, but the damages were apparently based upon the amount of the debt less the net proceeds from the subsequent sale of the property by plaintiff.

[1] Because the trial court order did not completely dispose of the case, its order is effectively an order of partial summary judgment and therefore interlocutory. *Wood v. McDonald's Corp.*, 166 N.C. App. 48, 53, 603 S.E.2d 539, 543 (2004). There is generally no right to appeal from an interlocutory order, *Id.*; *but cf. Southern Uniform Rentals v. Iowa Nat'l Mutual Ins. Co.*, 90 N.C. App. 738, 740, 370 S.E.2d 76, 78 (1988) (an interlocutory order is immediately appealable when it affects a substantial right), because most interlocutory appeals tend to hinder judicial economy by causing unnecessary delay and expense, *Love v. Moore*, 305 N.C. 575, 580, 291 S.E.2d 141, 146 (1982). However, because the case *sub judice* is one of those exceptional cases where judicial economy will be served by reviewing the interlocutory order, we will treat the appeal as a petition for a writ of certiorari and consider the order on its merits. *Ziglar v. Du Pont Co.*, 53 N.C. App. 147, 149, 280 S.E.2d 510, 512, *disc. review denied*, 304 N.C. 393, 285 S.E.2d 838 (1981); N.C.R. App. P. 21(a)(1).

> An order granting summary judgment is reviewed *de novo*, and
>
> the question on appeal is whether there is a genuine issue as to a material fact and whether defendants are entitled to judgment as a matter of law. This Court must consider the evidence in a light most favorable to the non-moving party, allowing the non-moving party a trial upon a favorable inference as to the facts. In order to prevail under the summary judgment standard, defendants must demonstrate an essential element of plaintiffs' claim is nonexistent or that plaintiffs are unable to produce evidence which supports an essential element of their claim.

*Helms*, 124 N.C. App. at 633-34, 478 S.E.2d at 516 (internal citations and quotations omitted).

## III. Analysis

[2] If the foreclosure sale of real property which secures a non-purchase money[3] mortgage fails to yield the full amount of due debt, the mortgagee may sue for a deficiency judgment. *Blanton v. Sisk*, 70 N.C. App. 70, 71, 318 S.E.2d 560, 562 (1984). A deficiency judgment imposes personal liability on the mortgagor for the amount by which the full amount of the debt due exceeds the amount yielded by the

---

3. The holder of a *purchase money* mortgage or deed of trust is limited to the recovery of the security or to the proceeds from the [foreclosure] sale of the security. *Blanton*, 70 N.C. App. at 71-72, 318 S.E.2d at 562-63 (emphasis added) (citing N.C. Gen. Stat. § 45-21.38). The note underlying the foreclosure action in the case *sub judice* was not a purchase money mortgage or deed of trust.

CAROLINA BANK v. CHATHAM STATION, INC.

[186 N.C. App. 424 (2007)]

foreclosure sale.[4] *Hyde v. Taylor,* 70 N.C. App. 523, 526, 320 S.E.2d 904, 906 (1984) (quoting *Black's Law Dictionary* 379 (5th ed. 1979)).

The dispositive issue in the case *sub judice* is how to determine the amount yielded by the foreclosure sale for the purpose of calculating the deficiency judgment when the property is subsequently sold for less than the amount bid at foreclosure. Defendants contend that the amount yielded by the foreclosure sale is the amount for which the property was sold to plaintiff at the foreclosure sale. Plaintiff contends that the amount yielded by the foreclosure sale should be determined by the net sales proceeds of the property based upon plaintiff's sale to a third party subsequent to the foreclosure.

Plaintiff cites no authority for its position and we find none. To the contrary, we hold that the amount for which the property was sold to plaintiff at the foreclosure sale is the amount yielded by the foreclosure sale and is to be used to determine whether or not a deficiency exists in the case *sub judice*. The amount of the subsequent sale by plaintiff to a third party is irrelevant.

In the case *sub judice*, the uncontroverted evidence shows that the amount for which the property was sold to plaintiff at the foreclosure sale was $1,021,911.80. We conclude therefore that there is no genuine issue of material fact as to the amount yielded by the foreclosure sale. Therefore, defendants were entitled to judgment as a matter of law that the amount yielded by the foreclosure sale, for the purpose of calculating the deficiency judgment, is $1,021,911.80. Accordingly, we overrule this assignment of error.

IV. Procedure

[3] Plaintiff further contends that the trial court's granting of defendants' Joint Motion for Judgment on the Pleadings was inequitable and therefore error, because the trial court's order was based on defendants' affirmative defenses and Rule 7(a) of the North Carolina Rules of Civil Procedure prevented plaintiff from replying to the affirmative defenses, thereby harming plaintiff's ability to present its case to the trial court. However, after reviewing the record, we perceive no inequity for which plaintiff is entitled to relief.

Under N.C. Gen. Stat. § 1A-1, Rule 8(d), allegations of affirmative defenses are deemed denied or avoided, so normally a reply will not

---

4. N.C. Gen. Stat. § 45-21.36 (2005) allows the debtor an offset against a deficiency judgment in certain cases when the creditor purchases the property at foreclosure with a bid that is substantially less than the true value of the property.

be necessary to protect the plaintiff's rights. Plaintiff contends that it would have raised defenses of equitable estoppel and unjust enrichment if it had been able to file a reply to defendants' answers. However, if plaintiff believed a reply was necessary, plaintiff could have filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 7(a), requesting permission to file a reply, but plaintiff did not file such a motion. Thus plaintiff's argument that Rule 7(a) has a "somewhat peculiar feature" which makes it impossible for the plaintiff to respond to defendants' alleged affirmative defenses is incorrect. In any event, plaintiff did bring these defenses to the attention of the trial court by way of its response to defendants' motion, its trial brief, and its arguments before the trial court. Additionally, the dispositive fact in the trial court's order, the amount yielded by the foreclosure sale, was contained in plaintiff's complaint and was undisputed by defendant. Accordingly, we conclude that this assignment of error is without merit.

### V. Motion to Continue

**[4]** Plaintiff contends that the trial court erred in hearing defendants' Joint Motion for Judgment on the Pleadings without disposing of plaintiff's motion to continue. However, [i]n order to preserve a question for appellate review, a party must have . . . obtain[ed] a ruling upon the party's . . . motion. N.C.R. App. P. 10(b)(1).

The record before us does not indicate that plaintiff obtained a ruling from the trial court on plaintiff's Motion for Continuance. Therefore this question was not properly preserved for appellate review, and this assignment of error is therefore dismissed.

### VI. Conclusion

For the foregoing reasons, we conclude the trial court did not err when it entered an order granting defendants' Rule 12(c) motion for judgment on the pleadings. Accordingly, that order is affirmed.

Affirmed.

Judges McCULLOUGH and CALABRIA concur.