J. S. INGLE AND AUGUSTA INGLE, HIS WIFE, v. ED McCURRY.

(Filed 2 November, 1955.)

1. **Trial § 24a: Constitutional Law § 22: Mortgages § 36—Court may not find facts on issue raised by pleadings in absence of consent.**

Where, in an action on a note, plaintiffs' evidence makes out a *prima facie* case and does not establish defendant's affirmative defense that the action was to recover a deficiency judgment precluded by G.S. 45-21.38, the dismissal of the action by the court prior to the introduction of evidence by defendant, upon the court's finding of facts in accordance with the allegations of defendant's affirmative defense, is reversible error as depriving plaintiffs of their constitutional right of trial by jury, Constitution of North Carolina, Article I, Section 19, Article IV, Section 1, G.S. 1-172, G.S. 1-184, there being no agreement of the parties waiving jury trial or consenting that the court should find the facts.

2. **Appeal and Error §§ 2, 14—**

Attempted appeal from an interlocutory order which affects no substantial right of plaintiffs is fragmentary and premature and may be disregarded in the Superior Court and in the Supreme Court on appeal.

APPEAL by plaintiffs from *Rudisill, J.,* at May Term, 1955, of CATAWBA.

*Childs & Childs and Fred D. Caldwell for plaintiffs, appellants.*
*Russell W. Whitener and J. H. Evans for defendant, appellee.*

JOHNSON, J. This is a civil action to recover the balance alleged to be due on a promissory note. The defendant by answer admits the execution of the note but denies that any sum remains due thereon. Also, by way of affirmative defense the defendant alleges: (1) that the note was given for the balance of the purchase price of real estate and was secured by mortgage; (2) that the note and mortgage were prepared under the direction and supervision of the plaintiffs, sellers of the real estate; (3) that the mortgage has been foreclosed by exercise of the power of sale; and (4) that consequently this action, being one to recover a deficiency judgment against the defendant, may not be maintained by virtue of statute, G.S. 45-21.38.

At the trial below, after the plaintiffs had introduced their evidence and rested their case, the presiding Judge, on facts found substantially in accord with the allegations of the defendant's affirmative defense, *i.e.,* that the note sued on was given for the balance of the purchase price of real estate, entered judgment decreeing that the plaintiffs recover nothing and dismissing the action.

The plaintiffs' appeal challenges the validity of the judgment. In determining the question thus presented, these factors come into focus: (1) the record discloses no stipulation by which jury trial was waived or consent was given for the court to find facts; (2) the plaintiffs' evidence was sufficient to make out a *prima facie* case in accordance with the allegations of the complaint; (3) the defendant offered no evidence; (4) the plaintiffs' evidence does not establish the truth of the defendant's affirmative defense. Hence the dismissal of plaintiffs' action may not be sustained on the ground that the plaintiffs by their own evidence established the defendant's affirmative defense as a matter of law. See *Hedgecock v. Ins. Co.,* 212 N.C. 638, 194 S.E. 86; *Jarman v. Offutt,* 239 N.C. 468, 80 S.E. 2d 248.

It thus appears that the judgment entered below offends against the plaintiffs' constitutional right of jury trial. N. C. Const., Art. I, Sec. 19 and Art. IV, Sec. 1; G.S. 1-172; G.S. 1-184; *Chasteen v. Martin,* 81 N.C. 51; *Hahn v. Brinson,* 133 N.C. 7, 45 S.E. 359. A new trial is necessary. To that end, let the judgment entered below be vacated.

In this view of the case it is unnecessary for us to discuss the assignments of error directed to the earlier rulings of the trial court, from which the plaintiffs gave notice of appeal to this Court. This earlier attempted appeal, not being based upon an order or determination of the court affecting a substantial right of the plaintiffs, was fragmentary and premature. It was correctly so treated below and will be disregarded here. See G.S. 1-277; *School Trustees v. Hinton,* 156 N.C. 586, 71 S.E. 1087.

New trial.