PHILIP E. LUCAS, Public Administrator of the Estate of ABRAHAM FELDER v. JESSIE DINKINS FELDER, Widow; THOMAS FELDER, and wife, EMMA FELDER; ANDREW CLESE FELDER and wife, DOROTHY MAE FELDER; PEARL PERSTEAL FELDER BUTLER and husband, KING BUTLER; JESSIE MAE FELDER HART and husband, GEORGE HART; and O'NEIL FELDER, single.

(Filed 17 January 1964.)

**1. Executors and Administrators § 17; Appeal and Error § 3—**

Where the widow elects to take a life estate in the real estate as permitted by G.S. 29-30 and admits that a sale of the real estate is necessary to pay debts of the estate and asks that the cash value of her life estate be computed and paid from the proceeds of sale, the appeal of an heir on the ground that the widow had forfeited any interest in the estate is premature, the rights of the parties in the distribution of the proceeds of the sale not being adjudicated by the order of the sale. G.S. 1-271.

**2. Judgments § 29—**

Persons who are not properly before the court are not bound by its orders and such orders are void as to them.

APPEAL by defendants Andrew Clese Felder and wife, from *Riddle, S. J.,* April 22, 1963 Session of FORSYTH.

*Oliver T. Denning for respondent appellants Andrew Clese Felder and Dorothy Mae Felder.*

*White and Crumpler by Leslie G. Frye, Harrell Powell, Jr., and Fred G. Crumpler, Jr., for defendant appellee Jessie Dinkins Felder.*

RODMAN, J.  Plaintiff, administrator of the estate of Abraham Felder, filed his petition seeking to sell realty for the purpose of making assets to pay debts of his intestate. The petition lists personal assets worth slightly less than $700; specific debts in excess of $2500, and a balance owing on the widow's allotted year's support of $1000, and real estate owned by decedent estimated to be worth $10,000.

It is alleged in the petition that Jessie Dinkins Felder, widow of the intestate, has elected to take a life estate in realty as permitted by G.S. 29-30; and the heirs of the intestate are his five children: Thomas Felder, Andrew Felder, Pearl Butler, Jessie Hart, and O'Neil Felder.

Jessie Dinkins Felder answered. She admitted a sale was necessary and her election to take a life estate as permitted by G.S. 29-30. She asked that the cash value of her life estate be computed and paid to her from the proceeds of sale.

Defendant Andrew and wife denied, for want of information, the allegations with respect to the value of the personalty and the amount of the debts. They admitted the heirs were the five children named in the petition. They alleged Jessie Dinkins Felder had forfeited any interest in the estate of intestate by (a) her abandonment of deceased in 1931 and (b) an absolute divorce obtained by deceased in 1946.

The clerk heard the matter on the answers. He found that answering defendants admitted that the personal assets were insufficient to pay the debts. He found as a fact that Jessie Dinkins Felder had sought and been allotted her year's support and that defendant Andrew had participated in that proceeding, but had abandoned his appeal from the order allotting support. The clerk did not, however, make any adjudication of the rights of the parties other than to order a sale of realty. He directed the commissioner to report any sale made for confirmation.

On appeal the clerk's order was affirmed by the judge.

Not until there has been an adjudication of the rights asserted by Jessie and denied by Andrew can either appeal with respect to those rights. Neither, in view of the admissions made, is a party aggrieved. The appeal is premature. G.S. 1-271; *Roberts v. Barlowe,* 260 N.C. 239; *Ingle v. McCurry,* 243 N.C. 65, 89 S.E. 2d 745; *Smith v. Matthews,* 203 N.C. 218, 165 S.E. 350.

It must not be inferred that we give our approval to the order of sale because we dismiss the appeal. The order is proper as to all who were served with process or who voluntarily entered an appearance. It appears from the petition that intestate left five children entitled to participate in the distribution of the estate. Four of the five are nonresidents. The record does not show service of process on these four or that they have entered an appearance. It may be the parties to the present appeal did not deem it necessary to include in the record sent here those portions of the record of the Superior Court showing how remaining defendants have become subject to the court's orders. Unless they are properly before the court the order of sale would be void as to them. *Card v. Finch*, 142 N.C. 140; *Harrison v. Harrison*, 106 N.C. 282. The Superior Court is directed to set aside the order of sale unless it has in fact obtained jurisdiction of all of the parties named as defendants in the petition.

Appeal dismissed.