SIDNEY B. GAMBILL AND WIFE, MYRTLE R. GAMBILL v. W. F. BARE
AND WIFE, EDITH LEE BARE

No. 7623DC771

(Filed 16 March 1977)

Mortgages and Deeds of Trust § 32— note and deed of trust — no mention
of purchase money for real estate — suit on underlying debt proper

   Where the note and deed of trust in question did not indicate that
   the indebtedness was for the balance of purchase money for real estate,
   G.S. 45-21.38 did not, even by implication, apply to prohibit plaintiff
   mortgagee from suing defendant mortgagor on the underlying debt
   or note.

APPEAL by defendant from *Osborne, Judge.* Judgment en-
tered 25 June 1975 in District Court, ASHE County. Heard in
the Court of Appeals 8 March 1977.

Plaintiffs instituted this action seeking a judgment *in per-*
*sonam* against defendants for the balance allegedly due to plain-
tiffs on a promissory note. Defendants admit the execution and
regularity of the note and that it is unpaid. By way of defense,
the defendants aver, and it is admitted, that the note is one of
a series of notes representing the purchase price of real prop-
erty and being secured by a deed of trust encumbering the real
property purchased by the defendants from the plaintiffs. Sum-
mary judgment was granted to the plaintiffs. Defendants ap-
pealed.

   *Bryan & Kilby, by John T. Kilby, for plaintiff appellees.*

   *Vannoy & Reeves, by Wade E. Vannoy, Jr., for defendant*
*appellants.*

ARNOLD, Judge.

Defendants argue that G.S. 45-21.38, by implication, will
not allow a mortgagee to sue his mortgagor on the underlying
debt or note for purchase money for real property, and that
the mortgagee can only foreclose on the deed of trust. The
statute provides:

   "In all sales of real property by mortgagees and/or trustees
   under powers of sale contained in any mortgage or deed of
   trust executed after February 6, 1933, . . . , to secure to
   the seller the payment of the balance of the purchase price

of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: *Provided, said evidence of indebtedness shows upon the face that it is for the balance of purchase money for real estate. . . . "* (Emphasis added.)

A strict reading of G.S. 45-21.38 reveals that this statute does not apply unless the "evidence of indebtedness," i.e., the note and deed of trust, shows on its face that the debt is for the purchase money for real property. Nowhere on this note or deed of trust is it indicated that the indebtedness "is for the balance of purchase money for real estate. . . . " Therefore, G.S. 45-21.38 does not apply, even by implication.

No genuine issue of material fact exists. The granting of summary judgment to plaintiff is

Affirmed.

Chief Judge BROCK and Judge PARKER concur.