Burnette Industries, Inc. v. Danbar of Winston-Salem, Inc.

Those facts simply do not meet the minimum contacts requirement. In *First National Bank of Shelby v. General Funding Corporation*, 30 N.C. App. 172, 226 S.E. 2d 527 (1976), our Court ruled there were not sufficient minimum contacts for personal jurisdiction where defendants, residents of Florida, executed promissory notes in Florida, payable to a limited partnership in that State. The notes were assigned to a North Carolina corporation, without the prior knowledge or approval of the makers. The makers made payments by mail to the Bank in North Carolina. In holding there was no personal jurisdiction, this Court said:

> While the provisions of the North Carolina "long arm" statute are to be liberally construed in favor of finding personal jurisdiction, we cannot expand the permissible scope of state jurisdiction over nonresident parties beyond due process limitations. The mere mailing of a payment from outside the State by a nonresident to a party in this State under a contract made outside the State is not sufficient "contacts" within this State to sustain *in personam* jurisdiction in the forum State. (Citations omitted.)

*Id.* at 176, 226 S.E. 2d at 530.

The order of the trial court is reversed and the cause remanded.

Judges ARNOLD and MARTIN concur.

---

BURNETTE INDUSTRIES, INC. v. DANBAR OF WINSTON-SALEM, INC. AND
BARBARA C. RUSSELL, INDIVIDUALLY

No. 8521SC888

(Filed 15 April 1986)

1. **Mortgages and Deeds of Trust § 32.1— interest on purchase money note—recovery barred by anti-deficiency judgment statute**

    The anti-deficiency judgment statute, N.C.G.S. § 45-21.38, prohibited plaintiff from recovering interest on a purchase money note, since interest was part of the debt secured by the purchase money deed of trust, and this was a deficiency which plaintiff was barred from recovering.

**2. Mortgages and Deeds of Trust § 2— deed of trust as purchase money deed of trust**

There was no merit to plaintiff's contention that the deed of trust in this case was not a purchase money deed of trust because it was not made as a part of the same transaction in which the debtor purchased the land and it embraced only a part of the land purchased, since so long as the debt of the purchaser of property is secured by a deed of trust on the property or part of it given by the purchaser to secure payment of the purchase price the deed of trust is a purchase money deed of trust.

APPEAL by plaintiff from *DeRamus, Judge.* Judgment entered 10 May 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 January 1986.

The plaintiff brought this action for interest on a note. The case was tried before a jury. The plaintiff's evidence showed that Danbar of Winston-Salem, Inc. purchased 26 lots of real property from Burnette Industries, Inc. in 1978. Danbar gave Burnette in payment for the property a note for $90,000.00 secured by a deed of trust on the property. Danbar sold some of the lots and made payments on the note. On 1 November 1979 the original note and deed of trust were cancelled and the defendant corporation gave the plaintiff a note for $61,300.00 secured by a deed of trust on the lots that had not been sold.

In July 1982 Barbara C. Russell the principal owner and manager of Danbar contacted the plaintiff and requested permission to return the remaining lots to the plaintiff and receive credit equal to the principal amount owed. The appellant agreed to this with the condition that the interest on the debt be paid. The plaintiff's evidence showed that the defendants agreed to this and Barbara C. Russell agreed to guarantee the payment of the interest. The interest owed was in the amount of $13,949.04.

At the end of the plaintiff's evidence the court allowed the defendants' motions for directed verdict. The plaintiff appealed.

*Alexander, Wright, Parrish, Hinshaw, Tash and Newton, by Robert D. Hinshaw, for plaintiff appellant.*

*Peebles and Schramm, by John J. Schramm, Jr., for defendant appellees.*

WEBB, Judge.

[1] The question posed by this appeal is whether the anti-deficiency judgment statute G.S. 45-21.38 prohibits the plaintiff from recovering interest on a purchase money note. We hold that it does so prohibit and affirm the judgment of the superior court.

The plaintiff argues that there is no deficiency because when the lots were reconveyed to it the agreement was that this would be in payment of the entire principal. The plaintiff says that because the entire principal was paid there can be no deficiency. We hold the interest was part of the debt secured by the purchase money deed of trust and this is a deficiency which the plaintiff is barred from recovering by G.S. 45-21.38. We believe we are bound by *Barnaby v. Boardman*, 313 N.C. 565, 330 S.E. 2d 600 (1985), and *Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1979), to reach this result. Although the facts of those cases are different from the facts of this case, we believe an inference that our Supreme Court wants drawn from these cases is that G.S. 45-21.38 be liberally construed to restrict the right to have deficiency judgments.

We are not persuaded by the plaintiff's argument that because Chapter 24 of the General Statutes governs interest payments that G.S. 45-21.38 does not deal with interest. We do not believe that the fact that G.S. 45-21.38 does not mention interest means that the General Assembly did not mean this part of the debt which is secured by a purchase money deed of trust is not subject to the section. Nor do we believe *Reavis v. Ecological Development, Inc.*, 53 N.C. App. 496, 281 S.E. 2d 78 (1981), is helpful to the plaintiff. In that case this Court held that the holder of a purchase money deed of trust could recover its costs including attorney fees after the foreclosure when the debtor had contracted for it. The costs of the sale are not a part of the debt as is interest.

[2] The appellant next argues that the deed of trust in this case is not a purchase money deed of trust because (1) it was not made as a part of the same transaction in which the debtor purchased the land and (2) it embraced only a part of the land purchased. We note that in answer to a request for an admission the plaintiff admitted this was a purchase money deed of trust. Nevertheless, the plaintiff argues that in *Barnaby v. Boardman, supra*, our

Supreme Court said that *Brown v. Kirkpatrick*, 217 N.C. 486, 8 S.E. 2d 601 (1940), a case in which a deed of trust which was given to the seller had been replaced by a deed of trust in a smaller amount and subordinated to another deed of trust did not involve a purchase money deed of trust. This statement in *Barnaby v. Boardman, supra*, is contained in a footnote. As pointed out in the dissent in *Barnaby* it was not necessary to overrule *Brown* for the Court to reach its decision. Nevertheless, our Supreme Court said that it rejected the reasoning of *Brown*. It was to this statement that the footnote was directed. We do not believe this dictum in *Barnaby* requires us to hold the instrument in this case is not a purchase money deed of trust. We hold that so long as the debt of the purchaser of property is secured by a deed of trust on the property or part of it given by the purchaser to secure payment of the purchase price the deed of trust is a purchase money deed of trust. We believe this holding is consistent with *Barnaby* and *Realty Co., supra*.

The plaintiff argues that *Ingle v. McCurry*, 243 N.C. 65, 89 S.E. 2d 745 (1955), requires that we hold it was error to allow the defendants' motion for a directed verdict. In that case the defendant pled as an affirmative defense in an action on a note that the note was a purchase money note. The Court did not recite what the evidence showed but held it was error to grant the defendant's motion for nonsuit because the evidence did not establish the affirmative defense. In this case the evidence showed that it was an action to recover a deficiency on a purchase money note. This distinguishes this case from *Ingle*.

The appellant contends it was error to allow the motion for directed verdict against Barbara C. Russell. It argues that she guaranteed the payment of interest and this guarantee is enforceable. It said that it is not barred by the statute of frauds G.S. 22-1 because the evidence shows her promise to pay the interest was for the primary purpose of obtaining a benefit for herself. If it is subject to the statute of frauds, the plaintiff contends there was a sufficient memorandum in writing of the guaranty to comply with the statute. We have held that the debt for the interest was extinguished when the lots were conveyed to the plaintiff. Ms. Russell is not liable for interest because none is due.

Affirmed.

Judges ARNOLD and WELLS concur.