GERALD P. BIGLEY AND BARBARA M. BIGLEY v. JAMES LOMBARDO

No. 875SC1029

(Filed 3 May 1988)

**Mortgages and Deeds of Trust § 32.1— loan to buy out business partners—security agreement not purchase money deed of trust—anti-deficiency statute inapplicable**

> The trial court properly determined that the anti-deficiency statute, N.C.G.S. § 45-21.38, did not apply where defendant executed two separate and distinct notes; plaintiffs cancelled the first note and asserted their rights under the second; the conveyed property secured the first note; a security agreement granting a security interest in an automobile secured the second note; defendant did not execute the second note at the same time he and his partners bought the property, but only when he wanted to buy out his partners a year later; the security agreement secured a loan of money from plaintiffs to defendant made so defendant could buy out his business partners; and the second note was therefore not a purchase money deed of trust.

APPEAL by defendant from *Griffin (William C.), Judge.* Judgment entered *nunc pro tunc* 2 June 1987 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 10 March 1988.

Plaintiffs sued defendant for a deficiency judgment of $18,842.88 for his failure to pay a promissory note when due. Defendant interposed the anti-deficiency statute, G.S. 45-21.38, as a defense. The trial court ruled that the statute did not apply under the facts of this case. Defendant appeals.

*Larrick and Mason, by Billy H. Mason, for plaintiff-appellees.*

*Yow, Yow, Culbreth & Fox, by Ralph S. Pennington, for defendant-appellant.*

EAGLES, Judge.

The sole issue here is whether the trial court erred in holding that the anti-deficiency statute does not apply to this case. Defendant argues that the trial court's ruling implicitly allows a buyer of real property to waive the broad protections afforded him under G.S. 45-21.38. We disagree and affirm the trial court's judgment.

At the outset we note that defendant has expressly abandoned his exceptions to the trial court's findings of fact. There is competent evidence to support the court's findings and, therefore, those findings are binding in our review of the case. *Worthington v. Worthington*, 27 N.C. App. 340, 219 S.E. 2d 260 (1975), *disc. rev. denied*, 289 N.C. 142, 220 S.E. 2d 801 (1976). The facts show the following.

On 24 March 1983 plaintiffs sold their business, known as Snoopy's Pizza Parlor, to defendant and wife, Nancy Jane Lombardo, and William Keith Bell and wife, Marilyn Amey Bell. Plaintiffs conveyed the real property upon which the business is located by general warranty deed to defendant and wife, Nancy Jane Lombardo, and William Keith Bell and wife, Marilyn Amey Bell. As part of the purchase price all four buyers executed a purchase money promissory note in favor of plaintiffs for $80,000. A deed of trust from the four buyers to David E. Huffine, trustee for plaintiffs, secured the note.

Sometime in December 1984, upon defendant's request, plaintiffs agreed to cancel the purchase money promissory note and deed of trust. The trial court specifically found that this was done so that defendant could borrow money on the business and real property and "buy out" the interests of his wife and the Bells. In return defendant agreed to pay plaintiffs a sum certain and execute another promissory note in plaintiffs' favor. On 12 December 1984 defendant alone executed a new promissory note to plaintiffs for $20,000 with interest at twelve percent per year. The note was payable one year from execution and was secured by a security agreement which granted plaintiffs a security interest in a 1983 Mazda automobile. As agreed, plaintiffs marked the first note and deed of trust "paid in full and satisfied." The deed of trust was canceled of record on 6 March 1985.

On 12 December 1985 defendant did not make the payment required by the second note. Plaintiffs declared defendant to be in default and demanded payment but defendant refused to pay. In accordance with the security agreement securing the second note, plaintiffs recovered the 1983 Mazda through claim and delivery and sold the car at public auction. After the sale of the Mazda and application of the proceeds, the balance remaining on the note was $18,842.88.

Generally, upon default a secured creditor has two remedies against the debtor: *in personam* for the debt and *in rem* to subject the property to the debt. *Underwood v. Otwell*, 269 N.C. 571, 153 S.E. 2d 40 (1967). G.S. 45-21.38 restricts this right and provides in pertinent part the following:

> In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, *to secure to the seller the payment of the balance of the purchase price of real property*, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money for real estate. [Emphasis added.]

Our courts will not apply this statute unless the deed of trust, on its face, indicates that the deed of trust is for purchase money for the sale of real property. *Real Estate Trust v. Debnam*, 299 N.C. 510, 263 S.E. 2d 595 (1980); *Gambill v. Bare*, 32 N.C. App. 597, 232 S.E. 2d 870, *disc. rev. denied*, 292 N.C. 640, 235 S.E. 2d 61 (1977).

Plaintiffs first argue that the anti-deficiency statute does not apply in this case. Alternatively, plaintiffs contend that if G.S. 45-21.38 applies, a novation has occurred which changes the rights and duties of the parties. Defendant contends that the second note and security agreement were substituted for the original promissory note and deed of trust to which G.S. 45-21.38 does apply and, therefore, the anti-deficiency statute applies to the second note and deed of trust as well.

In addressing whether or not G.S. 45-21.38 applies to this case, we first review the development of the case law. In *Ross Realty Co. v. Trust Co.*, 296 N.C. 366, 250 S.E. 2d 271 (1979), the Supreme Court first stated that G.S. 45-21.38 was to be read broadly in order to give effect to its legislative intent and to prevent evasions of the statute. In *Ross Realty* the vendee had first attempted to sue on the note rather than accept the deed tendered by defendant or foreclose on the real property. The Court of Appeals' opinion had allowed the vendee this election of remedies. The Supreme Court reversed stating that allowing an election of remedies "would circumvent the spirit and purpose of the statute." *Id.* at 372-373, 250 S.E. 2d at 275. The court ruled that the only remedy available to the creditor was to foreclose the conveyed property or accept a tendered deed to the subject property. *Id.*

Next, this Court in *Chemical Bank v. Belk*, 41 N.C. App. 356, 255 S.E. 2d 421, *disc. rev. denied*, 298 N.C. 293, 259 S.E. 2d 911 (1979), ruled that, if applicable, the anti-deficiency statute could not be waived nor its protection precluded by the doctrine of estoppel. Noting that broad construction of the statute was dictated by *Ross Realty*, the court reasoned that it could not "allow by indirection that which was directly forbidden." *Id.* at 367, 255 S.E. 2d at 428. The only remedy available to the creditor was to foreclose the property. *Id.* at 363, 255 S.E. 2d at 426.

The *Ross Realty* and *Chemical Bank* analysis, however, conflicted with the rationale of an earlier Supreme Court decision, *Brown v. Kirkpatrick*, 217 N.C. 486, 8 S.E. 2d 601 (1940). In *Brown* the Supreme Court had applied a narrower and more literal construction of the statute. The Supreme Court allowed plaintiff, a second mortgagee, to recover a deficiency judgment when foreclosure proceeds were sufficient to satisfy only the first deed of trust. The court held that

> this statute does not by its terms prohibit the holder of a note, though secured by a second deed of trust, from obtaining judgment on the note when the property has been sold under another deed of trust having priority of lien. The statute applies only to the holders of notes "secured by such deed of trust," that is the deed of trust under which the security was foreclosed and the land sold. It refers to the

"obligation secured by the same." The holder of the note secured by the first deed of trust upon foreclosure, presumably, will receive satisfaction of his note from the sale, or he can protect himself by purchase of the land. But the holder of the note secured by the second deed of trust, who receives nothing, or an insufficient amount, from the sale, finds himself without security. In this situation the Court will not extend by judicial interpretation the provisions of the statute, and deny him the right to judgment for a valid debt.

*Id.* at 487-488, 8 S.E. 2d at 602.

In *Barnaby v. Boardman*, 313 N.C. 565, 330 S.E. 2d 600 (1985), the Supreme Court resolved this inconsistency in favor of a broad construction of the statute. There the Supreme Court reversed the Court of Appeals' ruling and held that G.S. 45-21.38 was applicable. The mortgagee had released the conveyed property from the deed of trust in accordance with an agreement reached with the mortgagor. Upon default the mortgagor sued to restrain the mortgagee from foreclosing on the property. The mortgagee, citing *Brown*, counterclaimed for a deficiency judgment. The Supreme Court expressly rejected the *Brown* rationale. Holding that the Court of Appeals' approach was "too mechanically literal and restrictive" the Supreme Court reaffirmed the broad construction principles laid out in *Ross Realty. Id.* at 568, 330 S.E. 2d at 602. The court stated that "[t]he teaching of [*Ross Realty*] is that our anti-deficiency statute 'bars any suit *on the note* whether before or after foreclosure.'" [Citation omitted.] [Emphasis added.] *Id.* at 571, 330 S.E. 2d at 603. The court *"expressly reject[ed] the reasoning of Brown"*; however, it noted that the result in *Brown* might be correct since the deed of trust "was not a 'purchase-money deed of trust under G.S. 45-21.38.' *Childers v. Parker's, Inc.*, 274 N.C. 256, 261, 162 S.E. 2d 481, 484 (1968)." *Barnaby*, 313 N.C. at 570 n. 2, 330 S.E. 2d at 603 n. 2.

The *Childers* court had defined a purchase money deed of trust as a deed of trust which "is made as a part of the same transaction in which the debtor purchases the land, embraces the land so purchased, and secures all or part of its purchase price." [Citation omitted.] *Childers*, 274 N.C. at 261, 162 S.E. 2d at 484.

This Court in *Burnette Industries, Inc. v. Danbar of Winston-Salem, Inc.*, 80 N.C. App. 318, 341 S.E. 2d 754, *disc. rev. denied,*

317 N.C. 701, 347 S.E. 2d 37 (1986), however, declined to follow the *Childers* analysis. The issue in *Burnette Industries* was whether G.S. 45-21.38 prohibited the seller of real property from collecting interest on a purchase money note after default and subsequent reconveyance of the property as payment of the principal owed. The *Burnette Industries* court, citing *Barnaby* and *Ross Realty*, construed G.S. 45-21.38 to conclude that the interest owed was "part of the debt secured by the purchase money deed of trust" and, therefore, judgment for a deficiency of interest was precluded by the statute. *Id.* at 320, 341 S.E. 2d at 755. In answer to a request for an admission, the buyer admitted that the deed of trust was for purchase money; accordingly, G.S. 45-21.38 applied. The court then noted that "so long as the debt of the purchaser of property is *secured by a deed of trust on the property or part of it* given by the purchaser to secure payment of the purchase price the deed of trust is a purchase money deed of trust." [Emphasis added.] *Id.* at 321, 341 S.E. 2d at 756.

Here defendant executed two separate and distinct notes. Plaintiffs canceled the first note and assert their rights under the second. The conveyed property secured the first note. A security agreement granting a security interest in a 1983 Mazda automobile secured the second note, not "a deed of trust on the property or part of it." Defendant did not execute the second note at the same time he and his partners bought the property, but only when he wanted to buy out his partners a year later. The security agreement did not secure any portion of the original purchase of real property; it secured a loan of money from plaintiffs to defendant made so that defendant could "buy out" his business partners. Plaintiffs canceled the purchase money deed of trust. Though we agree that G.S. 45-21.38 is to be liberally construed, we conclude that the second note on which plaintiffs bring this suit is not a purchase money deed of trust. Accordingly, the protection afforded under G.S. 45-21.38 is not available here.

Affirmed.

Judges COZORT and SMITH concur.