IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY R. BRUCE FULLER AND WIFE, DIANE R. FULLER, GRANTOR; TO WILLIAM E. ANDERSON, TRUSTEE FOR ALVIN E. PENNEBAKER AND WIFE, GEORGE ANN PENNEBAKER AND EDWARD C. PENNEBAKER AND WIFE, O. I. PENNEBAKER, RECORDED IN DEED OF TRUST BOOK 1105 AT PAGE 344, BUNCOMBE COUNTY REGISTRY; SEE SUBSTITUTION OF TRUSTEE RECORDED IN DEED BOOK 1509 AT PAGE 73, BUNCOMBE COUNTY PUBLIC REGISTRY

No. 8828SC1111

(Filed 6 June 1989)

**Mortgages and Deeds of Trust § 32.1 — purchase of land — inclusion of another tract in deed of trust — foreclosure on other tract — anti-deficiency statute inapplicable**

Where respondents purchased two tracts of land from petitioners and executed a promissory note secured by a deed of trust covering the two tracts being purchased and a third tract already owned by respondents, the anti-deficiency statute, N.C.G.S. § 45-21.38, did not prohibit petitioners from foreclosing on the third tract since (1) the promissory note and deed of trust did not contain language indicating that they were purchase money instruments as required by N.C.G.S. § 45-21.38, and (2) the statute only prohibits a purchase money creditor from obtaining a deficiency judgment, there has not yet been a foreclosure sale, and there is thus no way to determine a deficiency at this point.

APPEAL by respondent from *Sherrill (W. Terry), Judge*. Judgment entered 26 July 1988 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 19 April 1989.

The undisputed facts in the record indicate the following sequence of events. Respondents sought to purchase two tracts of land from petitioners. In partial payment for the land, respondents signed a promissory note for $596,000 secured by a Deed of Trust

covering not only the two parcels of land being purchased but an additional tract of land already owned by respondents (Tract III). Respondents subsequently defaulted and petitioners sought to foreclose on all properties covered under the Deed of Trust. The lower court made findings of fact and conclusions of law and ordered the trustee to proceed with the sale of all three parcels of land. Respondents appeal.

*Adams, Hendon, Carson, Crow & Saenger, P.A., by Martin K. Reidinger and Lori M. Glenn, for petitioner-appellees.*

*Leonard, Biggers & Knight, P.A., by T. Bentley Leonard, for respondent-appellants.*

LEWIS, Judge.

Respondents' sole assignment of error is the court's allowing foreclosure on Tract III as described in the Deed of Trust in contravention of the anti-deficiency statute, G.S. 45-21.38. They argue that the language of the statute limits petitioners to foreclosure on the land actually sold by them to respondents. We do not agree.

At the outset we hold that G.S. Section 45-21.38 is not applicable. It states:

> In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust or obligation secured by the same: *Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money for real estate*: Provided, further, that when said note or notes are prepared under the direction and supervision of the seller or sellers, he, it, or they shall cause a provision to be inserted in said note disclosing that it is for purchase money of real estate; in default of which the seller or sellers shall be liable to purchaser for any loss which he might sustain by reason of the failure to insert said provisions as herein set out.

**IN RE FORECLOSURE OF FULLER**

[94 N.C. App. 207 (1989)]

(Emphasis added). There is no indication on the face of either the promissory note or the deed of trust in this case that the debt was incurred for the purchase of the property secured. "A strict reading of G.S. Section 45-21.38 reveals that this statute does not apply unless the 'evidence of indebtedness' . . . shows on its face that the debt is for the purchase money for real estate . . . [t]herefore, G.S. 45-21.38 does not apply, even by implication." *Gambill v. Bare*, 32 N.C. App. 597, 598, 232 S.E. 2d 870, 870, *disc. rev. denied*, 292 N.C. 640, 235 S.E. 2d 61 (1977); *see also Merrit v. Ridge*, 323 N.C. 330, 372 S.E. 2d 559 (1988) (G.S. 45-21.38 limits a purchase money creditor to property conveyed in cases where the note and mortgage or deed of trust are executed to the seller *and the securing instruments state that they are for the purpose of securing the balance of the purchase price.*) G.S. Section 45-21.38 does not apply in this case.

Further, we note that even if the promissory note and deed of trust contained language indicating that they were purchase money instruments, G.S. Section 45-21.38 would still not be applicable here. Petitioners are not seeking a money judgment for any deficiency. They are seeking to foreclose on property conveyed under a deed of trust. G.S. Section 45-21.38 only prohibits a mortgagee or trustee in a purchase money situation from obtaining a deficiency *judgment*. There being no foreclosure sale at this point, there is no way to determine a deficiency. This result is not changed by *Merrit v. Ridge, supra,* cited by respondents as additional authority. That case merely held that G.S. Section 45-21.38 precluded the creditor from recovering expenses and fees arising from the foreclosure sale. The court there specifically limited a purchase money creditor "to property conveyed" under the purchase money deed of trust. Tract III here was part of the "property conveyed" under the deed of trust and is thus subject to foreclosure.

Affirmed.

Judges ARNOLD and GREENE concur.