## BRUMLEY v. MALLARD, L.L.C.

[154 N.C. App. 563 (2002)]

A. NEAL BRUMLEY, EXECUTOR OF THE ESTATE OF WILLIAM GLENN DELLINGER, DECEASED, PLAINTIFF v. MALLARD, L.L.C. AND BONN A. GILBERT, JR., A/K/A BONN GILBERT, DEFENDANTS

No. COA01-1060

(Filed 17 December 2002)

### 1. Mortgages and Deeds of Trust— promissory note—anti-deficiency statute—purchase money note

The trial court did not err by granting plaintiff's motion for summary judgment and by denying defendants' motion for summary judgment even though defendants contend the pertinent promissory note for the purchase of real property was a purchase money note and that plaintiff's action is barred by the anti-deficiency statute under N.C.G.S. § 45-21.38, because neither the deed of trust nor the promissory note contains any language indicating that they are purchase money instruments.

### 2. Mortgages and Deeds of Trust— promissory note—failure to include purchase money statement—anti-deficiency statute—indemnification of buyer

The holder of a promissory note was not obligated to indemnify the maker and guarantor for any loss resulting from a real estate purchase which the note financed under a provision of the anti-deficiency statute that requires a seller to indemnify a purchaser for any loss when the seller did not insert in a note prepared under the seller's direction a statement disclosing that it was for the purchase money of real estate where the holder-seller refused to sign the original documents as purchase money instruments; the holder-seller took no part in the preparation of the note and deed of trust; and the attorney for the maker and guarantor prepared the security documents according to the agreement of the parties at the closing.

### 3. Mortgages and Deeds of Trust— agreement to amend security documents at closing—consideration

The trial court did not err by granting plaintiff's motion for summary judgment and by denying defendants' motion for summary judgment even though defendants contend the agreement to amend at closing the security documents for the purchase of real property was not supported by consideration and are unenforceable, because: (1) both parties were present and agreed to change the language of the security documents and make defendant indi-

vidual a guarantor of the note; (2) defendants' lack of protest at the time of closing precludes them from raising this defense after they have already accepted partial performance of the obligation and have performed partially in return; and (3) there was ample consideration including that plaintiff accepted a different buyer with different potential for liability than the original buyer.

Judge BIGGS dissenting.

Appeal by defendants from judgment entered 18 May 2001 by Judge James E. Lanning in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 August 2002.

*Richard H. Robertson for plaintiff-appellee.*

*Richard H. Tomberlin for defendant-appellants.*

EAGLES, Chief Judge.

Mallard, L.L.C., and Bonn A. Gilbert, Jr., ("defendants") appeal from the trial court's granting of summary judgment in favor of A. Neal Brumley ("plaintiff") and award of $150,000 plus interest and attorneys' fees. On appeal, defendants have two assignments of error: (1) that the trial court erred in granting plaintiff's motion for summary judgment; and (2) that the trial court erred in denying defendants' motion for summary judgment. We discern no error and affirm.

The evidence tends to show the following. Plaintiff is the executor of the estate of William Dellinger. The estate owned two tracts of land. As executor, plaintiff contracted on 6 May 1996 with Bonn Gilbert ("Gilbert") to sell the two parcels of land. The total purchase price was $532,000; $354,666 of the purchase price was to be a promissory note secured by a purchase money deed of trust.

At the property closing on 31 December 1996, plaintiff was informed that Gilbert intended for plaintiff to convey the land to Mallard, L.L.C. ("Mallard") instead of conveying it to Gilbert personally. Mallard's articles of incorporation were filed in the North Carolina Secretary of State's office on 31 December 1996 as well. Plaintiff refused to convey land to Mallard unless the security instruments were amended to show they were "for consideration" instead of "purchase money" and unless Gilbert personally guaranteed the obligations. Gilbert's attorney, Jameson Wells, prepared the documents according to those specifications.

BRUMLEY v. MALLARD, L.L.C.

[154 N.C. App. 563 (2002)]

This action only involves the sale of Parcel II. The purchase price was financed by a promissory note in the amount of $150,000. Mallard defaulted on payment of the note. Plaintiff began this action on 7 July 2000 against Mallard as the maker and Gilbert as the guarantor of the note. Defendants allege that the note is a purchase money note and plaintiff's action is barred by the anti-deficiency statute. Defendants alternatively allege that they are entitled to indemnification, if the note is not a purchase money note. Defendants also allege there is a lack of consideration.

The parties' motions for summary judgment were heard in Mecklenburg County Superior Court on 30 April 2001. The trial court granted plaintiff's motion for summary judgment and denied defendants' motion for summary judgment. The trial court ordered that plaintiff recover $150,000 plus interest. Defendants appeal.

I

[1] On appeal, defendants argue that the trial court erred by granting plaintiff's motion for summary judgment. Defendants' argument is based on its contention that the promissory note here was a purchase money note. We disagree.

Summary judgment is appropriate when the only issues to be decided are issues of law. *Mortgage Co. v. Real Estate, Inc.*, 39 N.C. App. 1, 4, 249 S.E.2d 727, 729, *aff'd*, 297 N.C. 696, 256 S.E.2d 688 (1978). Here, the only issues contested are questions of law, namely the applicability of the anti-deficiency statute. The anti-deficiency statute reads:

> In all sales of real property by mortgagees and/or trustees under powers of sale contained in any mortgage or deed of trust executed after February 6, 1933, or where judgment or decree is given for the foreclosure of any mortgage executed after February 6, 1933, to secure to the seller the payment of the balance of the purchase price of real property, the mortgagee or trustee or holder of the notes secured by such mortgage or deed of trust shall not be entitled to a deficiency judgment on account of such mortgage, deed of trust, or obligation secured by the same: Provided, said evidence of indebtedness shows upon the face that it is for balance of purchase money for real estate.

G.S. § 45-21.38 (2001). This section of the anti-deficiency statute is only applicable if the "evidence of indebtedness" indicates on its face that it is a purchase-money transaction.

BRUMLEY v. MALLARD, L.L.C.

[154 N.C. App. 563 (2002)]

Here, the promissory note states that it was "given for consideration," while the offer to purchase and contract state that the note was to be "secured by purchase money deed of trust." Defendants allege that the phrase "evidence of indebtedness" includes all documents surrounding the sale of the property. We disagree. Here, neither the deed of trust nor the promissory note contain any language indicating that they are purchase money instruments. Accordingly, the anti-deficiency statute cannot be applied to bar plaintiff's suit against defendants.

The phrase "evidence of the indebtedness" in G.S. § 45-21.38 refers only to the promissory note and the deed of trust. *Gambill v. Bare*, 32 N.C. App. 597, 598, 232 S.E.2d 870, 870, *disc. rev. denied*, 292 N.C. 640, 235 S.E.2d 61 (1977). If there is no indication on the face of the promissory note or deed of trust that "the indebtedness is for the balance of purchase money," the anti-deficiency statute cannot be applied by implication. *Gambill*, 32 N.C. App. at 598, 232 S.E.2d at 870; *see also Merritt v. Edwards Ridge*, 323 N.C. 330, 372 S.E.2d 559 (1988); *In re Foreclosure of Fuller*, 94 N.C. App. 207, 380 S.E.2d 120, *disc. rev. denied*, 325 N.C. 271, 384 S.E.2d 515 (1989); *Bigley v. Lombardo*, 90 N.C. App. 79, 367 S.E.2d 389 (1988). If there is language in the promissory note that denominates the transaction which does not appear in the deed of trust, the deed of trust is deemed to include the same language as the note. *See Bank v. Belk*, 41 N.C. App. 356, 365, 255 S.E.2d 421, 427, *disc. rev. denied*, 298 N.C. 293, 259 S.E.2d 911 (1979).

In *Green Park Inn, Inc. v. Moore*, 149 N.C. App. 531, 562 S.E.2d 53 (2002), this Court did not apply the anti-deficiency statute to a long-term lease followed by an option to purchase. "We hold that the Anti-Deficiency Statute does not apply to this transaction, in which there is neither an instrument of debt nor a securing instrument stating on its face that the transaction is a purchase money mortgage." *Moore*, 149 N.C. App. at 537, 562 S.E.2d at 57-58. Accordingly, this assignment of error fails.

II

[2] Defendants alternatively allege that plaintiff must indemnify them for any loss as a result of the transaction because the promissory note was prepared under the supervision of plaintiff as seller. Defendants argue plaintiff's insistence that the words "purchase money" be removed from the promissory note before the sale, cou-

BRUMLEY v. MALLARD, L.L.C.

[154 N.C. App. 563 (2002)]

pled with the addition of Gilbert as guarantor, created a responsibility to indemnify them according to G.S. § 45-21.38. We disagree.

Defendants rely on a portion of the anti-deficiency statute that reads, in pertinent part:

> Provided, further, that when said note or notes are prepared under the direction and supervision of the seller or sellers, he, it, or they shall cause a provision to be inserted in said note disclosing that it is for purchase money of real estate; in default of which the seller or sellers shall be liable to purchaser for any loss which he might sustain by reason of the failure to insert said provisions as herein set out.

G.S. § 45-21.38 (2001). This portion of the anti-deficiency statute has never been judicially interpreted. Plaintiff, the seller here, took no part in the preparation of the promissory note or deed of trust. His only involvement was his refusal to sign the original documents as purchase money instruments. Defendant Gilbert's attorney prepared the documents according to the agreement of the parties at the property closing. The above portion of the statute upon which the defendants rely anticipates a situation where the seller prepares security documents without the buyer's participation and consent, unlike the instant case. Here, defendants were present and represented by counsel when the security documents were amended. In fact, defendants' attorney prepared the amended documents. Accordingly, the provision of the anti-deficiency statute relied upon by defendants does not require plaintiff here to indemnify defendants for actions taken by their own attorney.

III

[3] Finally, defendants allege that the agreement to amend the security documents at closing was not supported by consideration. Plaintiff was under a contractual obligation to sell to defendant Gilbert or his designee as a result of the offer to purchase. Defendants contend that Gilbert's agreement to personally guarantee the loan and the changing of the words "purchase money" to "for consideration" in the promissory note were not supported by additional consideration and are unenforceable. We disagree.

It is well-settled law that a contract must be supported by consideration in order to be enforceable. *Investment Properties v. Norburn*, 281 N.C. 191, 195, 188 S.E.2d 342, 345 (1972). A modification

to a contract occurs if there is mutual assent to the terms of the modification and consideration supporting the modification. *Altman v. Munns*, 82 N.C. App. 102, 105, 345 S.E.2d 419, 422 (1986); *see also Lewis v. Edwards*, 147 N.C. App. 39, 49, 554 S.E.2d 17, 23 (2001). Here, both parties were present and agreed to change the language of the security documents and make defendant Gilbert guarantor of the note. Defendants' lack of protest at the time of closing precludes them from raising this defense after they have already accepted partial performance of the obligation and have performed partially in return.

In addition, there was ample consideration to support the modification of the contract at the property closing. Plaintiff accepted a different buyer (Defendant Mallard, L.L.C.), with different potential for liability than the original buyer (Defendant Gilbert). The new buyer Mallard had not even been created as a legal entity when the original contract was formed between plaintiff and Gilbert. In return, the language of the security instruments was amended and Gilbert agreed to guarantee the transactions. This exchange represents sufficient consideration to support the contract as modified.

For the foregoing reasons, we conclude that the trial court did not err in granting plaintiff's motion for summary judgment and denying defendants' motion for summary judgment. Accordingly, we dissolve the temporary stay preventing execution of summary judgment entered in plaintiff's favor on 30 May 2001.

Affirmed.

Judge WALKER concurs.

Judge BIGGS dissents.

BIGGS, Judge dissenting.

I agree with the majority that "the evidence of indebtedness" in the case *sub judice* fails to indicate on its face that the transaction is a purchase money transaction, as required by N.C.G.S. § 45-21.38. However, I do believe the evidence raises a genuine issue of material fact regarding whether the closing documents were "prepared under the direction and supervision of the seller." In addition, I do not agree that the modified agreement is supported by consideration. For these reasons, I respectfully dissent.

**BRUMLEY v. MALLARD, L.L.C.**

[154 N.C. App. 563 (2002)]

Summary judgment is only proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2001); *Dept. of Transportation v. Idol*, 114 N.C. App. 98, 440 S.E.2d 863 (1994). "Its purpose is . . . to permit the disposition of cases in which there is no genuine controversy concerning any fact, material to issues raised by the pleadings, so that the litigation involves questions of law only." *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 51, 191 S.E.2d 683, 688 (1972). Summary judgment should therefore "be cautiously used so that no one will be deprived of a trial on a genuine, disputed issue of fact. The moving party has the burden of clearly establishing the lack of triable issue, and his papers are carefully scrutinized and those of the opposing party are indulgently regarded." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). Moreover, "Rule 56 does not authorize the court to decide an issue of fact, but rather to determine whether a genuine issue of fact exists." *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975). If issues of material fact are in controversy, summary judgment is not appropriate. *Dockery v. Quality Plastic Custom Molding, Inc.*, 144 N.C. App. 419, 547 S.E.2d 850 (2001).

As recognized by the majority, N.C.G.S. § 45-21.38 provides in pertinent part:

> [W]hen said note or notes are prepared *under the direction and supervision of the seller* . . . [he] shall cause a provision to be inserted in said note disclosing that it is for purchase money of real estate; in default of which the seller or sellers shall be liable to purchaser for any loss which he might sustain by reason of the failure to insert said provisions as herein set out.

The majority, however, in reaching its conclusion that plaintiff "took no part in the preparation of the promissory note or deed of trust" ignores the affidavit of the closing attorney, which states in relevant part:

> 3. I was employed by the buyer to conduct the closing and *also represented the seller to the extent of preparing some of the documents* in connection with the closing.

4. . . . Since *[plaintiff] acted as lender* in this transaction, *I prepared the security instruments subject to his review and approval.*

. . . .

6. . . . This was a *seller financed closing and Exhibit B is in reality a purchase money deed of trust*[.]"

This affidavit, coupled with plaintiff's insistence on the removal of the phrase "purchase money" from the promissory note and deed of trust creates a genuine issue regarding whether the security documents were prepared "under the direction and supervision of the seller," and renders summary judgment improper.

Moreover, I disagree with the majority's holding that the amendments to the security instruments—the replacement of the phrase "purchase money" with the phrase "for consideration" and adding Bonn Gilbert as guarantor—were supported by "ample consideration," thereby removing the transaction from the scope of N.C.G.S. § 45-21.38. The general warranty deed, promissory note, deed of trust, and Federal Housing and Urban Development (HUD) settlement statement, were all executed on 31 January 1996, in a single real estate transaction. The general warranty deed transferred "3.85 acres Nevin Road" from plaintiff to defendant Mallard, Inc., (Mallard). The promissory note, executed by Mallard for $150,000, is secured by the deed of trust for "3.85 acres, Nevin Road," which was given by Mallard to plaintiff, to secure defendant's indebtedness for $150,000 "as evidenced by the Promissory Note." Finally, the HUD statement, signed by all parties, states that plaintiff sold the Nevin Road property to Mallard and that plaintiff acted as lender, providing financing for the entire sale amount of $150,000. This undisputed evidence establishes that this was a seller financed real estate sale evidenced by a purchase money promissory note and deed of trust and, thus, was the type of transaction addressed in N.C.G.S. § 45-21.38.

The majority, however, concludes that because plaintiff originally intended to finance a land sale to Gilbert, his acceptance of Mallard as the buyer was consideration for the execution of the promissory note, and that the promissory note for $150,000 was executed in exchange for this consideration rather than for purchase money. I find the majority reasoning on this point unpersuasive.

First, as acknowledged in the majority opinion, the contract to purchase obligated plaintiff to sell to Gilbert "or his assignee."

BRUMLEY v. MALLARD, L.L.C.

[154 N.C. App. 563 (2002)]

Therefore, plaintiff's "acceptance" of Gilbert's assignee, Mallard, cannot be a consideration. *Virmani v. Presbyterian Health Services Corp.*, 127 N.C. App. 71, 76, 488 S.E.2d 284, 287 (1997) ("the promise to perform an act which the promisor is already bound to perform cannot constitute consideration to support an enforceable contract"). Further, even assuming, *arguendo*, that plaintiff's agreement to sell to Mallard represented some consideration to the defendant Gilbert, this would not alter the fact that, as part of the parties' overall agreement, plaintiff financed the sale of the property to Mallard, and plaintiff and Mallard executed a purchase money promissory note and deed of trust. "[S]o long as the debt of the purchaser of property is secured by a deed of trust on the property . . . given by the purchaser to secure payment of the purchase price the deed of trust is a purchase money deed of trust" notwithstanding the existence of "additional [terms] not directly arising out of the land sale transaction[.]" *Friedlmeier v. Altman*, 93 N.C. App. 491, 495, 378 S.E.2d 217, 219 (1989) (presence of additional features of agreement "does not remove this deed of trust and promissory note from the definition of a purchase money instrument").

Plaintiff was not obligated to act as lender for this transaction; if he was concerned about Mallard's financial solvency, he could have required defendants to obtain third party financing. However, having agreed to transfer the Nevin Road property in exchange for what is, in fact, a purchase money promissory note and deed of trust, the seller may neither require the buyer to waive the protections of N.C.G.S. § 45-21.38. *Merritt v. Edwards Ridge*, 323 N.C. 330, 336, 372 S.E.2d 559, 563 (1988) ("purchase money debtor cannot waive the protection of the anti-deficiency statute"), nor bring suit against a purported "personal guarantor" for the purchase money promissory note. *Crocker v. Delta Group, Inc.*, 125 N.C. App. 583, 481 S.E.2d 694 (1997).

This Court is obliged to "give proper weight to the intent of the General Assembly as construed by [the North Carolina Supreme Court]." *Merritt*, 323 N.C. at 335, 372 S.E.2d at 562. "[T]he legislature did not intend to allow suit upon the note in a purchase-money mortgage." *Realty Co. v. Trust Co.*, 296 N.C. 366, 372, 250 S.E.2d 271, 275 (1976). Transactions like the one in the instant case must be rigorously examined to ensure that they are not designed to circumvent the sprit and purpose of N.C.G.S. § 45-21.38.

For the reasons stated herein, I conclude that the trial court's grant of summary judgment was improper and should be reversed.